# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

  v.

JAMES GATTO,
a/k/a "Jim,"
MERL CODE, and
CHRISTIAN DAWKINS,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Case No. 17-cr-00686 (LAK)**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
## SUPPRESS CERTAIN WIRETAP INTERCEPTIONS

**NEXSEN PRUET LLC**
William W. Wilkins
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211

*Attorneys for Defendant Merl Code*

**HANEY LAW GROUP PLLC**
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470

*Attorneys for Defendant Christian Dawkins*

**WILLKIE FARR & GALLAGHER LLP**
Michael S. Schachter
Casey E. Donnelly
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

**ANGELI LAW GROUP LLC**
David Angeli
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
(503) 222-1552

*Attorneys for Defendant James Gatto*

Defendants James Gatto, Christian Dawkins, and Merl Code respectfully submit this memorandum of law in support of their motion to suppress all communications intercepted pursuant to orders issued on April 7, May 5, June 19, July 19, August 7, August 22, August 30, and September 20, 2017 (the "Wiretap Orders").

I.   **THE COMMUNICATIONS INTERCEPTED PURSUANT TO THE WIRETAP ORDERS SHOULD BE SUPPRESSED BECAUSE THE WIRETAP ORDERS ARE JURISDICTIONALLY DEFECTIVE.**

The Wiretap Orders are jurisdictionally defective because the phones that were targeted by the Wiretap Orders were located outside the territorial jurisdiction of the court which authorized the wiretaps.  Although this argument appears to be precluded under current Second Circuit case law, Defendants wish to preserve this issue pending the outcome of a case currently before the United States Supreme Court.  *United States v. Dahda*, 853 F.3d 1101 (10th Cir. 2017), *cert. granted* 138 S. Ct. 356 (Oct. 16, 2017) (No. 17-43).

Under the Federal Wiretap Act ("Title III"),

[a] judge may enter an ex parte order . . . authorizing or approving interception of wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting (and outside that jurisdiction but within the United States in the case of a mobile interception device authorized by a Federal court within such jurisdiction)

18 U.S.C. § 2518(3).  The term, "interception," in turn, is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."  *Id.* § 2510(4).  In the Second Circuit, "[t]elephone communications are deemed intercepted at two places: where the tapped telephone is located and where the communications are overheard."  *United States v. Goodwin*, 131 F.3d 132 (2d Cir. 1997); *United States v. Rodriguez*, 96 F.2d Cir. 130, 136 (2d Cir. 1992) ("[A] communication is

intercepted not only where the tapped telephone is located, but also where the contents of the redirected communication are first to be heard.").

Judges sitting in the Southern District of New York issued the Wiretap Orders, which authorized the interception of communications that originated on target phones located outside the district, but that were redirected and first overheard in the district.  (*See, e.g.*, Dkt. 78-13 (August 30, 2017 Wiretap Application at SDNY_00009058) ("With the technical assistance of the service providers for the Target Cellphones, all communications intercepted over the Target Cellphones will have been routed through and first intercepted in the Southern District of New York."), Dkt. 78-14 (August 30, 2017 Wiretap Order at SDNY_00009266) (authorizing "all intercepted communications to be routed through and first intercepted in the Southern District of New York.")).  In other words, although the telephones that were the targets of the Wiretap Orders were located outside the Southern District of New York, the FBI's "listening post" was inside the district.  Defendants recognize that under existing Second Circuit case law like *Goodwin* and *Rodriguez*, a judge sitting in the Southern District of New York likely had jurisdiction to issue the Wiretap Orders since the "contents of the redirected communications [were] first to be heard," and thus "intercepted," in the Southern District of New York. *Rodriguez*, 96 F. 2d at 136.

Nevertheless, Defendants move to suppress the communications intercepted pursuant the Wiretap Orders in order to preserve their right to challenge the territorial jurisdiction of those Orders pending the outcome of the *Dahda* case currently before the United States Supreme Court.  In *Dahda*, the United States District Court for the District of Kansas issued nine wiretap orders which stated that "in the event [the target telephones] are transported outside the territorial jurisdiction of the court, interception may take place in any other

2

jurisdiction within the United States." 853 F.3d at 1112.  The Tenth Circuit found the orders, which permitted the interception of calls even though both the target phone and the location of law enforcement's "listening posts" were located outside the court's territorial jurisdiction, to be "facially insufficient" under Title III.  *Id.* at 1114.  The Tenth Circuit also held, however, that a facial jurisdictional defect did not warrant suppression of the intercepted communications.  *Id.* The Supreme Court recently granted certiorari to consider "[w]hether Title III . . . requires suppression of evidence obtained pursuant to a wiretap order that is facially insufficient because the order exceeds the judge's territorial jurisdiction."  Petition for Writ of Certiorari, *United States v. Dahda*, 853 F.3d 1101 (10th Cir. 2017), *cert. granted* 138 S. Ct. 356 (Oct. 16, 2017) (No. 17-43).

Although the question presented in *Dahda* does not include the threshold inquiry of whether a wiretap order is jurisdictionally defective if it targets a cell phone located outside the judge's territorial jurisdiction but permits a listening post within the jurisdiction, it is still an issue that the Supreme Court may consider to determine whether the *Dahda* wiretaps should be suppressed.  *See Sherrill v. Oneida Indian Nation of New York*, 544 U.S. 197, 214 n.8, 125 S. Ct. 1478, 161 (2005) ("Questions not explicitly mentioned but essential to the analysis of the decisions below or to the correct disposition of the other issues have been treated as subsidiary issues fairly comprised by the question presented"); *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99, 111 S. Ct. 1711, 1718 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").  Should the Supreme Court consider the issue and broadly rule that all wiretap orders that target phones outside the issuing court's territorial jurisdiction are jurisdictionally defective (including those

that allow for listening posts located within the judge's jurisdiction), and that all jurisdictionally defective wiretap orders require suppression, the Court would effectively overrule the Second Circuit's holdings in *Goodwin* and *Rodriguez*.  Such a ruling would also require suppression of the communications intercepted pursuant to the Wiretap Orders because the phones that were the target of the Orders were located outside of the Southern District of New York.  In these circumstances, Defendants' right to challenge the territorial jurisdiction of the Wiretap Orders should be preserved.

## II.    DEFENDANTS CODE AND GATTO MOVE TO JOIN DEFENDANT DAWKINS'S SEPARATELY FILED MOTION TO SUPPRESS COMMUNICATIONS INTERCEPTED PURSUANT TO THE WIRETAP ORDERS.

Mr. Dawkins has separately filed a motion to suppress the contents of the Wiretap Orders on the basis that they constitute evidence, and derivative evidence, obtained in violation of Title III's requirement that every wiretap order issued by a court must identify the Justice Department official who authorized the wiretap request.  (Dkt. 77) While current case law does not explicitly provide standing for Mr. Code and Mr. Gatto to join Mr. Dawkins's motion*, see United States v. Fury*, 554 F.2d 522, 525-526 (2d Cir. 1977); *United States v. Ricco*, 421 F. Supp. 401, 404 (S.D.N.Y. 1976), it is possible that the Supreme Court's eventual decision in *Dahda* may provide a reason to reconsider those decisions.  In light of that, Mr. Code and Mr. Gatto join in Mr. Dawkins's arguments for suppression of all communications intercepted pursuant to the Wiretap Orders, since those Orders authorizing wiretaps on Mr. Gatto's and Mr. Code's phones "detailed at considerable length" the conversations intercepted pursuant to the illegal April 7, 2017 Wiretap Order.  *See United States v. Giordano*, 416 U.S. 505, 511, 94 S.Ct. 1820, 1824, at n. 2 (1974) (finding that wiretap was "tainted" and that interceptions "must be

suppressed" where order authorizing wiretap had relied on "unlawfully intercepted communications").

## CONCLUSION

Accordingly, this Court should grant Defendants' motion to suppress all communications intercepted pursuant to the Wiretap Orders.

Dated:   New York, New York
         February 9, 2018

**NEXSEN PRUET LLC**

By: /s/ Mark. C. Moore
William W. Wilkins
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211
*Attorneys for Defendant Merl Code*

**HANEY LAW GROUP PLLC**

By: /s/ Steven A. Haney
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470
*Attorneys for Defendant Christian Dawkins*

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Michael S. Schachter
Michael S. Schachter
Casey E. Donnelly
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

**ANGELI LAW GROUP LLC**
David Angeli
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
(503) 222-1552

*Attorneys for Defendant James Gatto*