```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2018

-against-                                        17-cr-686 (LAK)

JAMES GATTO, etc., et al.,

                Defendants.
------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

       The matter is before the Court on defendant Dawkins' motion to suppress communications intercepted pursuant to certain wiretap orders and to compel disclosure of the transcripts of the grand jury's proceedings in this matter [DI 77]. For the following reasons, the motion is denied.

*Facts*

*Title III Requirements*

       Applications for orders authorizing the interception of a wire, oral, or electronic communication and orders authorizing such interceptions are subject to various requirements under Chapter 119 of Title 18, United States Code ("Title III"). An application may be authorized by any of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any Assistant Attorney General, any acting Assistant Attorney General, or any Deputy Assistant Attorney General or acting Deputy Assistant Attorney General in the Criminal Division or National Security Division of the Department of Justice specially designated by the Attorney General. 18 U.S.C. § 2516(1). Any such order must specify "the identity of the agency authorized to intercept the communications, and of the person authorizing the application." *Id.* § 2518(4)(d).

       Title III provides also that "[a]ny aggrieved person in any trial, hearing, or proceeding in or before any court . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that – (i) the communication was unlawfully intercepted; (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or (iii) the interception was not made in conformity with

the order of authorization or approval." 18 U.S.C. § 2518(10)(a). "If the motion is granted, the contents of the intercepted wire or oral communication, or evidence derived therefrom, shall be treated as having been obtained in violation of this chapter." *Id.*

*The Application and Order*

On April 7, 2017, the government applied, pursuant to Title III, for an order authorizing the interception and recording of certain wire and electronic communications over a certain cellular telephone apparently belonging to Munish Sood (the "April 7 Application"). DI 78-1. The same day, Judge Daniels of this court signed an order authorizing such interception (the "April 7 Order"). DI 78-2.

The April 7 Application indicated that Trevor N. McFadden, Deputy Assistant Attorney General in the Criminal Division of the Department of Justice, pursuant to the power delegated by special designation of the Attorney General, had authorized the application. DI 78-1 at 4. Copies of Mr. McFadden's memorandum authorizing the application and of the Attorney General's order designating Mr. McFadden to do so were appended to the application. DI 78-1 at 18-22. The April 7 Order, as distinguished from the April 7 Application, however, stated, "Pursuant to 18 U.S.C. § 2516(1), this Application has been authorized by [FILL IN], Acting Deputy Assistant Attorney General, an official of the United States Department of Justice specially designated by the Attorney General of the United States to authorize applications for the interception of wire or oral communications," DI 78-2 at 5.

*Motion to Suppress*

Mr. Dawkins now moves to suppress all interceptions obtained pursuant to the April 7 Order as well as all interceptions obtained pursuant to subsequent orders authorizing wiretaps that were "based on the communications intercepted pursuant to the invalid April 7 Wiretap Order." DI 78 at 1. Mr. Dawkins moves also for an order authorizing the disclosure of the transcripts of the grand jury's proceedings in this matter on the theory that "to the extent the communications intercepted pursuant to the invalid April 7 Wiretap Order, or the fruits thereof, were presented to the Grand Jury which indicted Mr. Dawkins, the Indictment . . . must be dismissed." *Id.* at 1-2.

Mr. Dawkins does not deny that the April 7 Application was properly authorized by the Deputy Assistant Attorney General. He does not deny that April 7 Application contained the name and title of the authorizing individual. Nor does he deny that the April 7 Order recites that Judge Daniels acted on the application and the supporting documents, which included the name of that authorizing individual. But he nevertheless contends that the April 7 Order was "insufficient on its face" and that suppression is required because the government failed to fill in the name of that officer in the form of order presented to the judge, who signed the order with that technical defect.

3

*Discussion*

The Court assumes without deciding that the April 7 Order was "insufficient on its face" within the meaning of Title III.[1] Even on that assumption, however, suppression is not warranted by this obvious clerical error.

In arguing that suppression is warranted, Dawkins relies almost entirely on a D.C. Circuit case that held that a wiretap order issued with a similar defect to the one in the April 7 Order was insufficient on its face and merited suppression of the communications intercepted pursuant to that order. *United States v. Scurry*, 821 F.3d 1, 13 (D.C. Cir. 2016). The Circuit in *Scurry* was bound by *United States v. Glover*, which departed from several sister circuits and held that suppression was a mandatory remedy upon a finding of facial insufficiency. *United States v. Glover*, 736 F.3d 509, 513 (D.C. Cir. 2013).

I respectfully consider *Scurry* to have been decided wrongly and decline to follow it. Indeed, the mandatory remedy prescribed in *Glover* and *Scurry* has not been adopted in this or any other circuit. Other circuits facing wiretap orders with similar infirmities uniformly have concluded that the facial insufficiency of the orders did not warrant suppression of the relevant communications

---

[1] To hold otherwise would be difficult, but not entirely without reason. Although Section 2518(4)(d) does not require an order of authorization to specify the name of the individual who authorized the relevant wiretap application, it does require that the order specify a single person. The April 7 Order states merely that some "Acting Deputy Assistant Attorney General" authorized the April 7 Application. This could refer to multiple officeholders within either the Criminal or National Security Divisions of the Department of Justice.

Nonetheless, the error in the April 7 Order was minor and technical in nature and the application granted by the April 7 Order included the name of the authorizing individual. The Supreme Court's reasoning and *dicta* in *United States v. Chavez*, 416 U.S. 562 (1974), concerning whether a wiretap order's inclusion of the name of the wrong authorizing individual rendered the order insufficient on its face, suggests that the Court would prefer a practical, rather than rigid, approach to this inquiry in these circumstances. The Court there stated:

"Here, the interception order clearly identified 'on its face' Assistant Attorney General Wilson as the person who authorized the application to be made. Under § 2516(1), he properly could give such approval had he been specially designated to do so by the Attorney General, as the order recited. That this has subsequently been shown to be incorrect does not detract from the facial sufficiency of the order. Moreover, even if we were to look behind the order despite the clear 'on its face' language of § 2518(10)(a)(ii), it appears that the Attorney General authorized the application, as he also had the power to do under § 2516(1). *In no realistic sense, therefore, can it be said that the order failed to identify an authorizing official who possessed statutory power to approve the making of the application.*" *Id.* at 573-74 (emphasis added) (footnote omitted).

because the insufficiency resulted from a mere technical error. *E.g.*, *United States v. Callum*, 410 F.3d 571, 576 (9th Cir. 2005); *United States v. Radcliff*, 331 F.3d 1153, 1160 (10th Cir. 2003).

This approach is in line with the statutory scheme and with Supreme Court precedent. As the Ninth Circuit stated:

> "Reading *Giordano* and *Chavez* together, it is clear that the Supreme Court was far more concerned with the wiretap applications being authorized by an empowered DOJ official than with correct identification of that official in the wiretap applications and orders. The absence of valid authorization in *Giordano* and the presence of valid authorization in *Chavez* explain why suppression was ordered in the former case but not the latter." *Callum*, 410 F.3d at 575 (referring to *Chavez* and to *United States v. Giordano*, 416 U.S. 505 (1974)).[2]

Because the Court concludes that suppression of the communications intercepted pursuant to the April 7 Order is not warranted, it need not reach Mr. Dawkins' arguments as to the allegedly derivative wiretap orders or the grand jury transcripts.

*Conclusion*

For the foregoing reasons, the motion to suppress communications intercepted pursuant to certain wiretap orders and to compel disclosure of the transcripts of the grand jury's proceedings in this matter [DI 77] is denied.

SO ORDERED.

Dated: March 26, 2018

_____
Lewis A. Kaplan
United States District Judge

---

[2] The point is only strengthened by the Supreme Court's extensive discussion in *Chavez* of Congress's intention behind including the identification requirements in Title III in the first place. *See Chavez*, 416 U.S. at 575-79 (finding that the statutory obligation to identify the authorizing individual "did not affect the fulfillment of any of the reviewing or approval functions required by Congress" or "establish a substantive role to be played in the regulatory system").