UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v.- | :   S1 17 Cr. 686 (LAK) |
| JAMES GATTO, a/k/a "Jim," MERL CODE, and CHRISTIAN DAWKINS | : |
| Defendants. | : |

------------------------------------------------------------x

# GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE GOVERNMENT TO PRODUCE EXCULPATORY AND IMPEACHING WITNESS STATEMENTS

ROBERT S. KHUZAMI
Attorney for the United States
Acting Under Authority Conferred
by 28 U.S.C. § 515
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Edward B. Diskant
Noah Solowiejczyk
Eli J. Mark
Aline R. Flodr
Assistant United States Attorneys

- Of Counsel -

On February 9, 2018, defendants James Gatto, Merl Code, and Christian Dawkins (collectively, the "defendants") moved this Court for an order compelling the Government to "review evidence in its possession for" eighteen broad categories of information that the defendants claimed were *Brady* material. (*Brady* Br. at 15-16).[1] During a March 22, 2018, oral argument, the Court characterized the defendants' purported *Brady* requests as "grotesquely overbroad" and improper requests for "everything. You want their whole file." (March 22, 2018 Tr. ("Tr.") at 47.) The Court further noted that the defendants sought "to turn the way the *Brady* rule works, at least in this circuit, upside down" and have the Court "decide pretrial what is exculpatory in circumstances where I don't fully know your case." (*Id.* at 48.) In light of "at least [those] two very big problems," *i.e.*, "the pretrial determination problem" and "the dramatic overbreadth of all of" the defendants' requests, the defendants requested an opportunity to address those problems in a supplemental filing, and the Court permitted them two weeks to "try again." (*Id.* at 51-52.)

Instead of so doing, the defendants have filed an entirely new motion that solves neither problem and seeks different relief. In particular, rather than seeking an order directing the Government to "review evidence in its possession," the defendants now seek an order to "compel the Government to promptly produce to Defendants witness statements, as reflected in the Government's FBI 302 reports or in notes taken by the Government during interviews" of four different individuals "or their family members," along with "[a]ny basketball coach currently or formerly employed by the Universities." (Supp. *Brady* Br. at 11.) The new motion, which is, at

---

[1] For ease of reference, the Government refers herein to the defendants' Motion to Compel the Government to Review Evidence in its Possession for *Brady* Material [Dkt. 81] as the "*Brady* Motion" and to the accompanying memorandum of law as the "*Brady* Br."; and the defendants' Supplemental Memorandum of Law in Support of Defendants' Motion to Compel the Government To Produce Exculpatory and Impeaching Witness Statements [Dkt. 133] as the "Supp. *Brady* Br."

1

core, one for an order directing the Government to produce 3500 material for potential witnesses nearly six months before trial, is without basis in law and should be denied.

I.   **The Defendants' Requests to Compel Production of Witness Statements Should be Denied**

As an initial matter, it bears reiteration that the Government has already made significant disclosures of information responsive to all three categories of the defendants' requests, as narrowed by their supplemental filing.  *First*, as to Request One, ███████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████  (Supp. *Brady* Br. at 11.) Similarly, with respect to Request Two, the Government has disclosed information about █ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████.  (*Id.*) Finally, with respect to Request Three, the Government has disclosed to the defendants certain statements made by attorneys for a ███████████████████████████████████████ ███████████████.  In so doing, and as the Court observed at oral argument, the Government has put the defendants on notice, as much as 10 months before trial, of issues they may wish to investigate further, including the existence of witnesses they may seek to interview, and prospective testimony they may seek to elicit at trial.  Indeed, substantially all of the defendants' instant requests are based on disclosures the Government has already made.  On this record, to suggest, as the defendants did at oral argument, that the Government is trying to "suppress" information is absurd.

The defendants' requests, even as narrowed, seek information to which they are not entitled at this time, namely the Government's notes or FBI reports reflecting broad categories of "witness statements" for more than a dozen individuals on a substantial number of topics. For example, their request for the statements of "[a]ny basketball coach" regarding either "his participation in, and/or knowledge of" the schemes charged or his "*lack of* such participation or knowledge" – particularly in light of the disclosures the Government has already made in this regard – is effectively a request for the Government to produce the statements of any coach it has interviewed. Of course, as requested, this is not *Brady* material; even assuming arguendo that such coaches will be trial witnesses, this material is classic Jencks Act and/or *Giglio* Material which need not be produced six months before trial. *See, e.g.*, *United States v. Hernandez*, No. 09 Cr. 625 (HB), 2010 WL 26544, at *6 (S.D.N.Y. Jan. 6, 2010) (declining to order immediate disclosure of *Giglio* material, because the Government stated it would provide both *Giglio* and Jencks Act material "shortly before trial").

Indeed, many of the defendants' arguments turn on assumptions about events that have not – and may never – arise. For example, the defendants make arguments based entirely upon assumptions about whether certain individuals will or will not be Government witnesses, and similarly make arguments based on assumptions about what the Government will or will not produce as Jencks Act Material in advance of trial. Since no witness list has been provided nor Jencks Act material produced, those arguments are, at very best, premature.[2]

---

[2] Other arguments turn on mischaracterizations of fact and law. By way of but one example, the defense argues that it requires the FBI Form 302s of the ▮▮▮▮▮▮▮ and Miami coaches who disclaimed participation in the conspiracy, because, in the defense's view, these are exculpatory since "the Government will not be able to prove that any false statement was or would have been made to the University [of Miami] in furtherance of the conspiracy—one of the elements that the Government must establish at trial." (Supp. *Brady* Br. at 5.) However, the Miami scheme is charged in a conspiracy count, not a substantive count. As a result, the Government will only have to prove that the charged defendants agreed to and intended to defraud the University, not

3

To the extent the defendants contend they are entitled to a Court order directing the Government to produce the requested material immediately, six months in advance of trial, their claims are without basis in law.  The defendants principally rely on *United States v. Gupta*, 848 F. Supp.2d 491 (S.D.N.Y. 2012) and *United States v. Martoma*, No. 12 Cr. 973 (PGG), 2014 WL 31704 (S.D.N.Y. Jan. 6, 2014), neither of which stands for any such proposition.  To the contrary, in *Gupta*, in a decision issued less than two months before trial, the court considered whether the Government needed to review documents within the possession of the Securities and Exchange Commission for potential *Brady* material, and concluded that it did.  *Gupta*, 848 F. Supp. 2d at 497.  In *Martoma*, in a decision issued the day before trial began, the court considered whether the Government needed to produce exculpatory material contained in communications with a witness's counsel.  *Martoma*, 2014 WL 31704 at *3-4.  Neither of these cases has any evident bearing on the defendants' requests here.

More generally, the Government has already represented that it recognizes and intends to fully comply with all of its discovery obligations, including its obligations arising under *Brady* and its progeny.  This alone is an appropriate basis to deny the defendants' new requests.  *See, e.g., United States v. Ikoli*, No. 16 Cr. 148 (AJN), 2017 WL 396681, at *3 (S.D.N.Y. Jan. 26, 2017); *United States v. Gallo*, No. 98 Cr. 338 (JGK), 1999 WL 9848, at *8 (S.D.N.Y. Jan. 11, 1999).  That is especially true where, as here, the Government has not merely made that representation but demonstrated its ongoing commitment to it by making a series of disclosures –

---

that any false statement was actually communicated to the University (indeed, the student-athlete at issue had not even enrolled at college by the time of the Indictment).

4

some as much as 10 months before trial – designed to provide the defendants' with information that may be useful to their defense.[3]

## CONCLUSION

The Government appreciates the defendants' efforts to bring to the Government's attention those categories of information they view as material to their defense. As the Court noted, doing so is helpful to the Government in identifying material that might even conceivably constitute *Brady* material. The Government will continue to make timely disclosures of such information, as appropriate, consistent with its obligations. But the defendants' request for an order compelling the Government to produce broad categories of witness statements six months in advance of trial is without basis in law and should be denied.

Dated: April 12, 2018

        Respectfully submitted,

        ROBERT S. KHUZAMI
        Attorney for the United States
        Acting Under Authority Conferred
        by 28 U.S.C. § 515

By:    /s/
        Edward B. Diskant/Noah Solowiejczyk
        Eli J. Mark/Aline R. Flodr
        Assistant United States Attorneys
        (212) 637-2294/2473/2431/1110

---

[3] As the Court noted at argument, the statements the defendants now seek are not – contrary to their repeated assertions – "evidence." For those statements to even arguably be admissible, the defendants would have to call the individuals in question as witnesses at trial, something the Government, through its disclosures, has given the defendants' abundant notice they may wish to do.