*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 16, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judges
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

   Re:  United States v. James Gatto et al., S1 17 Cr. 686 (LAK)

Dear Judge Kaplan:

   We write briefly to clarify a factual issue raised in the defendants' supplemental memorandum of law in support of their motion to suppress evidence obtained from the search of the defendants' cell phones.  [Dkt. 139].  In that brief, the defendants contend that, at oral argument, the "Government defended the breadth of the Search Warrants by representing to the Court that it was not technologically feasible to segregate and search the data on the Defendants' cell phones by data type."  (Br. at 1.)  By contrast, the defendants argue that the Vourderis Affidavit "confirms that the Government *has* the ability to restrict its searches of electronic media to particular types of data."  (*Id.* at 2.)(emphasis in original).

   Neither characterization is entirely accurate.  At oral argument, the Government endeavored to explain why, contrary to the defendants' assertions, it was not possible to simply segregate out and therefore never review all "digital media" such as photographs, because digital media is frequently embedded in, or otherwise viewable, in other areas of the phone.  By way of example, at argument, the Government noted that a "contact" on a phone might also include photographs sent to or from the user of the phone by that contact.  (Tr. at 23.)

   The Vourderis Affidavit is entirely consistent with those characterizations.  In particular, the Vourderis Affidavit uses text messages to illustrate this point and similarly notes that, because scheme participants "sent and received image and video files" via MMS message or a chat, that a review of those categories of data on the phones "necessarily entailed, at times, a review of other forms of media attached to or 'embedded' in those text conversations."  (Vourderis Aff. ¶¶ 9 & n.2.)  In other words, while it is true that the Cellebrite Extraction program used by law enforcement has the ability to "divide[ ] the contents of a cell phone by category of data, such as 'SMS Messages,' 'MMS Messages,' [and] 'Chats,'" it is also true that even once the contents of the defendants' phones were divided in this manner, digital media was still present in other areas of the phone to be reviewed, such as text messages.

Because we know the Court sought guidance from the Government on these issues relevant to its review of the defendants' phones, and because the Government believed the defendants' brief confused these issues, we felt it important to clarify them for the Court.

        Respectfully submitted,

        ROBERT S. KHUZAMI
        Attorney for the United States
        Acting Under Authority Conferred
        by 28 U.S.C. § 515

By:      /s/
        Edward B. Diskant/Noah Solowiejczyk
        Eli J. Mark/Aline R. Flodr
        Assistant United States Attorneys
        (212) 637-2294/2473/2431/1110

cc: Defense counsel (by email)