UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

UNITED STATES OF AMERICA                    :

       -v.-                                          :          S2 17 Cr. 686 (LAK)

JAMES GATTO,                                 :
MERL CODE. and
CHRISTIAN DAWKINS,                           :

             Defendants.             :

----------------------------------------------------------------x


### THE GOVERNMENT'S REQUESTS TO CHARGE


                         ROBERT S. KHUZAMI
                         Attorney for the United States, Acting
                         Under Authority Conferred by 28 U.S.C. § 515


Edward B. Diskant
Noah Solowiejczyk
Eli Mark
Aline Flodr
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA                    :

       -*v.*-                                    :         S2 17 Cr. 686 (LAK)

JAMES GATTO,                                :
MERL CODE, and
CHRISTIAN DAWKINS,                          :

               Defendants.          :

-------------------------------------------------------------x


THE GOVERNMENT'S REQUESTS TO CHARGE

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.

## Table of Contents

General Requests ........................................................................................................................ 1

The Indictment .......................................................................................................................... 2

Multiple Counts – Multiple Defendants ................................................................................... 3

Conspiracy and Substantive Counts……………………………………………………………...4

Counts Two and Three: Wire Fraud – Elements of the Offense............................................... 7

Element One - A Scheme to Defraud ....................................................................................... 8

Element Two – Knowing Participation and Intent to Defraud ............................................... 11

Element Three – Use of Interstate Wires ............................................................................... 15

Count One: Conspiracy to Commit Wire Fraud ..................................................................... 17

Element One – Existence of an Agreement ............................................................................ 18

Element One -- Object of the Conspiracy……………………………………………………...21

Element Two -- Membership .................................................................................................. 22

Dual Intent No Defense .......................................................................................................... 26

Aiding and Abetting and/or Willfully Causing a Crime ........................................................ 27

Venue ...................................................................................................................................... 30

Motive ..................................................................................................................................... 32

Conscious Avoidance.............................................................................................................. 33

Variance in Dates and Amounts ............................................................................................. 36

Law Enforcement or Government Witnesses .......................................................................... 37

Accomplice Testimony ........................................................................................................... 38

*Falsus In Uno*........................................................................................................................... 41

Preparation of Witnesses......................................................................................................... 42

False Exculpatory Statements ................................................................................................. 43

Similar Acts ............................................................................................................................ 44

Particular Investigative Techniques ....................................................................................... 45

Use of Evidence Obtained Pursuant to Searches and Seizures,.............................................. 46

Recordings Made During the Investigation ............................................................................ 46

Charts and Summaries: Admitted as Evidence ....................................................................... 48

Charts and Summaries: Not Admitted as Evidence ................................................................ 49

Stipulations of Testimony ....................................................................................................... 50

Stipulations of Fact ......................................................................................................... 51

Redaction of Evidentiary Items ...................................................................................... 52

Persons Not on Trial ....................................................................................................... 53

Character Witnesses......................................................................................................... 54

Uncalled Witnesses – Equally Available or Unavailable ............................................... 55

Acts and Statements of Co-Conspirators ........................................................................ 56

Defendant's Testimony.................................................................................................... 57

Defendant's Right Not to Testify.................................................................................... 58

Improper Considerations:   Race, Religion, National Origin, Sex, or Age....................... 59

Punishment Is Not to Be Considered by the Jury ............................................................ 60

Sympathy: Oath as Jurors ................................................................................................ 61

Conclusion ....................................................................................................................... 62

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to

the jury on the following matters:

a.   Function of Court and Jury
b.   Jury's Recollection Governs
c.   Note-Taking by Jurors
d.   Duty to Base Verdict on Evidence
e.   Improper Considerations
f.   Statements of Court and Counsel Not Evidence
g.   Duty to Weigh Evidence Without Prejudice
h.   Government as a Party
i.   Indictment Not Evidence
j.   Burden of Proof
k.   Punishment Not to be Considered By Jury
l.   Presumption of Innocence
m.   Reasonable Doubt
n.   Direct and Circumstantial Evidence
o.   Inferences
p.   Credibility of Witnesses
q.   Right to See Exhibits and Have Testimony Read During Deliberation

## REQUEST NO. 2

### The Indictment

The defendants, JAMES GATTO, MERL CODE, and CHRISTIAN DAWKINS are formally charged in an Indictment.   The Indictment itself is neither evidence nor proof of a defendant's guilt. I will not read the entire Indictment to you at this time.   Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment contains three counts against defendant JAMES GATTO, and two counts against defendants MERL CODE and CHRISTIAN DAWKINS.   I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One alleges that Mr. Gatto, Mr. Code, and Mr. Dawkins engaged in a conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

Count Two alleges that Mr. Gatto, Mr. Code, and Mr. Dawkins committed the substantive crime of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, in connection with an alleged scheme to defraud the University of Louisville.

Count Three applies to Mr. Gatto alone, and alleges that he committed the substantive crime of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2, in connection with an alleged scheme to defraud the University of Kansas.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-1; 3-2, and the charge of Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK)

## REQUEST NO. 3

## Multiple Counts – Multiple Defendants

The indictment contains a total of three counts.   Each count charges at least one defendant before you with a crime.   However, not every defendant is charged in every count. You must, as a matter of law, consider each count and each defendant separately, and you must return a separate verdict on each defendant for each count in which he is charged.

Whether you find one defendant guilty or not guilty as to an offense should not affect your verdict as to the other defendants charged with the same offense.   [*If applicable:* In addition, some of the evidence in this case was received only with respect to one or more, but not all, defendants. Any evidence admitted solely against one or some defendants may be considered only as against that defendant or defendants and may not in any respect enter into your deliberations as to any other defendant or defendants.]   In reaching your verdict, bear in mind that guilt is personal and individual.   Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant.   The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.   No other considerations are proper.

Adapted from Sand *et al*., *Modern Federal Jury Instructions*, 3-8, and the charge given by the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

3

## REQUEST NO. 4

## Conspiracy and Substantive Counts

As I just mentioned, some counts of the Indictment charge one or more defendants with the crime of conspiracy. Other counts charge what we call substantive crimes.

A conspiracy count is different from a substantive count. A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish an unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. There can be no conspiracy unless at least two people reached such an agreement, whether express or implied.

A substantive count, on the other hand, charges a defendant with the actual commission, or with aiding and abetting or causing the actual commission, of an offense. A substantive offense therefore may be committed by a single person, and it need not involve any agreement with anyone.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an object of the conspiracy. And since the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime, the commission of which was an objective of the conspiracy, ever was committed. In other words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if its purpose is not accomplished. Consequently, in a conspiracy charge there is no need to prove that the crime or crimes that were the objective or objectives of the conspiracy actually were committed.   To give you a simple example: if two people agree to hold up a liquor store and do something to put the agreement into motion, they have committed the crime of conspiracy to commit robbery even if they never rob the liquor store.

4

By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but does not require proof of an agreement. To take the liquor store example, there can be no substantive crime of robbery unless the liquor store actually is robbed. Of course, if a defendant both participates in a conspiracy and commits the crime or crimes that were the object or objects of the conspiracy, that defendant may be guilty of both the conspiracy and the substantive crime or crimes.

With respect to the substantive counts you should be aware that there are two alternative theories on the basis of which you may find a defendant guilty. While I will explain both theories in more detail, I want to first take a moment to outline them briefly.

The government's first theory is that one or more of the defendants either committed, or caused someone else to commit, the substantive crimes charged in the Indictment. I am going to refer to that theory as relating to a claim that a defendant is guilty of a crime as a principal.

The second theory is that someone other than the defendant you are considering committed the substantive crime at issue and the defendant aided and abetted the commission of that crime. I will refer to that theory as a claim that a defendant is guilty of a crime as an aider and abettor.

For the sake of convenience, I will instruct you first with respect to those counts that charge substantive crimes.   I will instruct you initially on the first theory of liability – that is, that the defendants are guilty as principals of the substantive crimes charged in the Indictment.   I then will instruct you on the second theory of liability – that is, the alternative theory that the defendants are guilty as aiders and abettors.   Finally, I will instruct you on the conspiracy counts.

Adapted from the charge given by the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

## REQUEST NO. 5

## Counts Two and Three: Wire Fraud

## Elements of the Offense

Counts Two and Three charge one or more of the defendants with engaging in the crime of wire fraud.   Specifically, Count Two charges Messrs. Gatto, Code and Dawkins with engaging in a scheme to defraud the University of Louisville, while Count Three charges Mr. Gatto alone with engaging in a scheme to defraud the University of Kansas.

The crime of wire fraud has three elements:

*First*, the existence of a scheme to defraud, or to obtain money or property by false pretenses, representations or promises;

*Second*, that the defendant you are considering acted knowingly and willfully, with knowledge of the fraudulent nature of the scheme and with specific intent to defraud; and

*Third*, in the execution of the scheme, the defendant you are considering used, or caused to be used, interstate wires.

7

**REQUEST NO. 6**

**Counts Two and Three: Wire Fraud**

**Element One - A Scheme to Defraud**

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme to defraud, or to obtain money or property by false pretenses, representations or promises.

A "scheme or artifice" is simply a plan that is designed to accomplish an objective.

"Fraud" is a general term.   It includes all the possible means by which a person seeks to gain some unfair advantage over another by false representations, false suggestion, false pretenses, or concealment of the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

A statement or representation is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.   A representation or statement is fraudulent if it was falsely made with the intent to deceive.   A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The false or fraudulent representation or concealment must relate to a material fact or matter. A fact is material if the fact is one that was capable of influencing the decision-maker to whom it was directed – here, the relevant university.   It is not necessary that the university in question actually relied upon the false or fraudulent representation.   Deceitful statements of half-truths or omissions of material facts may also constitute false representations under the statute.

8

In order to satisfy this first element, the Government must also prove that the alleged scheme contemplated depriving one of the universities of money or property. Property, in this context, includes not only tangible things like money or physical property but also intangible interests such as the right to control the use of one's assets. A victim's right to control the use of its assets is injured when it is deprived of potentially valuable economic information that it would consider relevant in deciding how to use or allocate its assets. Potentially valuable economic information, in this context, is information which, if misrepresented or not disclosed, is capable of resulting in tangible economic harm, such as monetary loss, to the victim.

Thus, if the Government has proven that the defendants, through the alleged scheme, deprived a university of money or property, including potentially valuable economic information that, if misrepresented or not disclosed, was capable of resulting in tangible economic harm to the university, then it has satisfied this element. By contrast, if you find that the Government has not proven that the defendants, through the alleged scheme, deprived a university of money or property, including potentially valuable economic information, then the Government has not satisfied this element.

In order to find that there was a scheme to defraud it is not necessary that the defendant you are considering actually realized any gain from the scheme, that the universities actually suffered any pecuniary loss, or that the scheme was completed. Moreover, a scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the cases.

Finally, it does not matter whether the universities might have discovered the fraud had it probed further. If you find that a scheme to defraud existed, it is irrelevant whether you believe that the universities were careless, gullible, or even negligent.

9

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 44-4; the charge given by the Hon. Valerie E. Caproni in *United States v. Kaloyeros*, S2 16 Cr. 776 (VEC); *see also United States v. Finazzo*, 850 F.3d 94, 107-13 (2d Cir. 2017) (upholding jury charge that stated in pertinent part that "property includes intangible interests such as the right to control the use of one's assets" and that "this interest is injured when a victim is deprived of potentially valuable economic information it would consider valuable in deciding how to use its assets."; noting that "the common thread of [the right to control] decisions is that misrepresentations or non-disclosure of information cannot support a conviction under 'the right to control' theory unless those misrepresentations or non-disclosures can or do result in tangible economic harm."); *United States v. Binday*, 804 F.3d 558, 578 (2d Cir. 2015) ("[I]t is not necessary that a defendant intend that his misrepresentation actually inflict a financial loss – it suffices that a defendant intend that his misrepresentation induce a counterparty to enter a transaction without the relevant facts to make an informed economic decision."); *United States v. Shellef*, 507 F.3d 82, 108-09 (2d Cir. 2007) (regarding the right to control); *United States v. Rossomando*, 144 F.3d 197, 201 n.5 (2d Cir. 1998) (noting that "the concrete harm contemplated by the defendant is to deny the victim the right to control its assets by depriving it of information necessary to make discretionary economic decisions"); *United States v. Wallach*, 935 F.2d 445, 462 (2d Cir. 1991).

## REQUEST NO. 7

### Counts Two and Three – Wire Fraud

### Element Two – Knowing Participation and Intent to Defraud

The second element the Government must prove beyond a reasonable doubt is that the defendant you are considering acted knowingly and willfully, with knowledge of the fraudulent nature of the scheme and with specific intent to defraud.

To participate in a scheme means to engage in it, by taking some affirmative step to help it succeed.   Merely associating with people who are participating in a scheme—even if you know what they are doing—is not participation.   In order to satisfy this element, it is not necessary for the Government to establish that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.   Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

The defendant you are considering also has to be shown to have acted knowingly and willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than inadvertently or by mistake.

"Willfully" means to act knowingly and purposefully, with an intent to do something the law forbids; that is to say, with bad purpose, either to disobey or disregard the law; that is to say, with bad purpose either to disobey or to disregard the law, although the defendant need not know the specific law he is violating.

11

Because direct proof of knowledge and fraudulent intent are not always available, they may be proved through circumstantial evidence.  And as I have already instructed you, circumstantial evidence is of no less value than direct evidence, and you may consider a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence, as well as any rational or logical inferences that may be drawn therefrom. You may infer, but are not required to infer, that people intend the natural and probable consequences of their actions.  So when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.

The questions of whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for you to determine, like any other fact question.

### Good Faith
### [*If Applicable*]

Because intent to defraud is an element of the crime of wire fraud, it follows that good faith on the part of a defendant is a complete defense to the charge of wire fraud. An honest belief in the truth of the representations made by a defendant is a complete defense, even if the representations turned out to have been false.  Similarly, an honest belief that the universities were not being deprived of potentially valuable economic information despite a false representation is a complete defense.  A defendant has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent, and the consequent lack of good faith, beyond a reasonable doubt. In this regard, it is not necessary that the Government prove that the defendant was motivated solely by improper considerations. A defendant may be found to have an intent to defraud even if he also has other proper or neutral intents. The Government will have satisfied its burden of proof on this element if you find that the defendant had an intent to defraud, even if he also had other proper or neutral intents for his actions.

In considering whether a defendant acted in good faith, you are instructed that if a defendant knowingly and willfully participated in a scheme to provide materially false and fraudulent information to the universities, or to deprive the universities of potentially valuable economic information, a belief by the defendant you are considering that everything would work out to the benefit of the universities in the end, does not mean the defendant acted in good faith and is not a defense to fraudulent actions or false representations by the defendant you are considering.

Adapted from Sand, *Modern Federal Jury Instruction*, 44-5; from the charge given by the Hon. Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776 (VEC); from the charge given by the Hon. Robert P. Patterson in *United States v. Kalish*, 05 Cr. 656 (S.D.N.Y. 2007); from the charge given by the Hon. Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); *see also United States v. Gotti*, 459 F.3d 296, 311 (2d Cir. 2006) ("it is the scheme itself, rather than its success, that is the required element for conviction"); *United States v. Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States v. King*, 860 F.2d 54, 55 (2d Cir. 1988) (per curiam) ("ultimate success" of scheme not an element); *United States v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir. 1994) ("When the 'necessary result' of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.") (citations omitted); *United States v. Koh*, 199 F.3d 632 (2d Cir. 1999) (upholding the District Court's instruction reading, in part, "No amount of honest belief on the part of the defendant that the scheme would ultimately make a profit for investors, will excuse fraudulent actions or false representations by him to obtain money or property.")*; United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011) (upholding jury instruction read, in part, "[n]o amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors, or not cause anyone harm, will excuse fraudulent actions or false representations by him or her."); *United States v. Levis*, 488 F. App'x 481, 486 (2d Cir. 2012) ("[E]ven if Levis meant to cause no ultimate harm to investors because he honestly believed Doral to be properly valuated, he intended to cause them immediate harm by denying them the right to control [their] assets by depriving [them] of the information

13

necessary to make discretionary economic decisions." (alterations in original; quotation marks and citation omitted)); *United States v. Leonard*, 529 F.3d 83, 91-92 (2d Cir. 2008) (upholding jury instruction reading, in part, "a belief of a defendant . . . that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith . . . . no amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him."); *United States v. Carlo*, 507 F.3d 799, 802 (2007) ("That Carlo wanted the funding transactions to close (because that was the only way for him to earn his fee) does not negate his intent to inflict a genuine harm on the victims by depriving them of material information necessary to determine for themselves whether to continue their development projects, thereby continuing or increasing their exposure to the risk of the projects' failure."); *United States v. Rossomando*, 144 F.3d 197, 201 (2d Cir. 1998) ("[W]here some immediate loss to the victim is contemplated by a defendant, the fact that the defendant believes (rightly or wrongly) that he will 'ultimately' be able to work things out so that the victim suffers no loss is no excuse for the real and immediate loss contemplated to result from defendant's fraudulent conduct.").

14

## REQUEST NO. 8

## Counts Two and Three: Wire Fraud

## Element Three – Use of Interstate Wires

The third element that the Government must prove beyond a reasonable doubt as the offense of wire fraud is the use of an interstate wires in furtherance of the scheme to defraud.

A "wire" includes wire communications such as telephone calls, text messages, faxes and e-mail transmissions. The term wires also include certain financial transactions such as electronic transfers and bank wires.

The wire you are considering must be an interstate wire, meaning that it must pass between two or more states.   The wire communication itself need not be fraudulent, but the Government must prove that the wire communication in some way further or advanced the scheme to defraud.

It is not necessary for the defendant you are considering to have been directly or personally involved in the wire communication, as long as the use of interstate wires was reasonably foreseeable in the execution of the scheme to defraud. Let me add the following: only the use of the wires must be reasonably foreseeable, not its interstate component.   Thus, if you find that the use of the wires was reasonably foreseeable, then this element is satisfied even if it was not foreseeable that the wire in question would cross state lines.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 44-7; the Hon. Valerie E. Caproni's instructions in *United States v. Kaloyeros,* 16 Cr. 776 (VEC); Hon. Edward Weinfeld's instructions in *United States v. Ranney*, 82 Cr. 771; the Hon. Michael B. Mukasey's instructions in *United States v. Uccio*, 88 Cr. 906, *aff'd*, 917 F.2d 80 (2d Cir. 1990); the Hon. Charles S. Haight's instructions in *United States v. Rogers*, 90 Cr. 377 (1991); the Hon. John G. Koeltl's instructions in *United States v. Szur*, S5 97 Cr. 108;

*see United States v. Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); *United States v. Keats*, 937 F.2d 58 (2d Cir. 1991) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls); *United States v. Muni*, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); *Schmuck v. United States*, 489 U.S. 705 (1989); *United States v. Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991).

## REQUEST NO. 9

## Count One: Conspiracy to Commit Wire Fraud

Count One of the Indictment charges Messrs. Gatto, Code, and Dawkins with conspiracy to commit wire fraud from in or about 2015 to in or about November 2017. As I mentioned, a conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.   It is not necessary for the government to provide that the conspiracy lasted throughout the entire period alleged, but only that it existed for some period within that time frame.

In order to satisfy its burden of proof with respect to the allegation of conspiracy, the Government must establish each of the following elements beyond a reasonable doubt:

*First*, the existence of the conspiracy charged in the Indictment; that is, as to Count One, an agreement or understanding to commit wire fraud, and;

*Second*, that the defendant you are considering intentionally and knowingly became a member of, and joined in, the conspiracy.   That is, he knowingly participated in the conspiracy to commit wire fraud with knowledge of its object and with an intent to further the aims of the conspiracy.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 19-3; the charge given by the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).   *See United States v. Roy*, 783 F.3d 418, 419-21 (2d Cir. 2015) (no overt act requirement for wire fraud conspiracy).

17

### REQUEST NO. 10

### Count One: Conspiracy to Commit Wire Fraud

### Element One - Existence of an Agreement

The first element that the Government must prove beyond a reasonable doubt is the existence of the conspiracy.   Simply defined, a conspiracy is an agreement by two or more persons to violate the law.    In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One is wire fraud.

The essence of the crime of conspiracy is the unlawful combination or agreement to violate the law.   Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.   The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth all the details of the plans and the means by which the unlawful object is to be carried out or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement. When people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. Since conspiracy, by its very nature, is characterized by secrecy, it is rare that a conspiracy can be proven by direct evidence of that explicit agreement.   Thus, you may infer its existence from the circumstances of this case and the conduct of the parties involved.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law.   Express language or specific words are not required to indicate assent or attachment to a conspiracy.   Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.   You need only find that the defendant you are considering knowingly entered into the unlawful agreement alleged in Count One with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The saying "actions speak louder than words" is applicable here.

Often, the only evidence available is that of disconnected acts that, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.   But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count One actually existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

In order to establish the existence of the conspiracy you must find beyond a reasonable doubt, after considering all of the relevant evidence, that at least two alleged

conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the

manner charged in Count One of the Indictment.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instrs. 19-3S and 19-4; the charge given by the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW); the charge given by the Hon. Kimba M. Wood in *United States v. Catalano*, 12 Cr. 725 (KMW).   *See also United States v. Cassino*, 467 F.2d 610, 618-19 (2d Cir. 1972); *Radin v. United States*, 189 F. 568, 570 (2d Cir. 1911) ("The agreement was not reduced to writing and signed by the conspirators.   It was not proved by direct oral evidence. From the nature of the case such proof was impossible. Conspiracies are not formed in that way.   Conspirators do not go out upon the public highways and proclaim their intention.   They accomplish their purpose by dark and sinister methods and must be judged by their acts."); and the charge given by the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK)

## REQUEST NO. 11

## Count One – Conspiracy to Commit Wire Fraud

## Element One – Object of the Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.   In this case, the unlawful object of the conspiracy charged in Count One is alleged to have been wire fraud.   I have previously instructed you on the elements of wire fraud, and you should apply those definitions here in considering whether the government has proved beyond a reasonable doubt that the conspiracy charged in Count One existed.

However, because Count One charges a conspiracy, the Government does not have to prove that anyone actually committed wire fraud; it need only prove that there was an agreement to do so.   It also not necessary for the Government to establish that the defendant actually realized any gain from the scheme, that any particular person actually suffered damages as a consequence of the fraudulent scheme, or that the scheme was completed. You must concentrate on whether there was such a scheme, not on whether the scheme was ultimately successful.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 44-4 (based on the charge of the Honorable Edward Weinfeld in *United States v. Ranney*, 82 Cr. 771 (S.D.N.Y. 1983)); the charge of the Hon. Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776; the charge of the Hon. P. Kevin Castel's in *United States v. Bergstein*, 16 Cr. 746 (PKC); the charge of the Honorable Michael B. Mukasey in *United States v. Uccio*, 88 Cr. 906 (S.D.N.Y. 1989), *aff'd*, 917 F.2d 80 (1990); and the charge of the Honorable Charles S. Haight, Jr. in *United States v. Rogers*, 90 Cr. 377(S.D.N.Y. 1991).

## REQUEST NO. 12

## Count One: Conspiracy to Commit Wire Fraud

## Membership

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, you must next determine whether the defendant you are considering intentionally and knowingly joined and participated in the conspiracy, knowing at least one of its unlawful purposes and to further at least one of its unlawful objectives.

The Government must prove beyond a reasonable doubt that the defendant, by his own actions and conduct, intentionally and knowingly entered into the conspiracy or agreement with a criminal intent — that is, with awareness of the generally unlawful nature of his acts.   The defendant need not have known which specific law or rule his acts violated in order to be aware that his acts were unlawful.

For this element, the terms "intentionally" and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did join the conspiracy), the defendant knew what he was doing -- that he took the actions in question deliberately and voluntarily.

As you can see, this element concerns a person's state of mind.   Direct proof of state of mind is not always available.   Indeed, it would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind.   Such direct proof is not required.

22

An act is done "intentionally" and "knowingly" only if it is done deliberately and purposefully; that is, the act must have been the product of the defendant's conscious objective, rather than the product of force, mistake, accident, mere negligence or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.   Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. To make that determination, you may look to the evidence of certain acts alleged to have taken place by or with the defendant, or in his presence.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence based upon a person's outward manifestations, his words, his conduct, his acts, and all of the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what many people normally mean when they say "use your common sense." Using your common sense means that when you come to decide, for example, whether the defendant agreed with at least one other person to commit wire fraud, you need not limit yourself to just what the defendant said, but you also may look at what he did, and what others did in relation to him and, in general, everything that occurred.   Circumstantial evidence, if believed, is of no less value than direct evidence.   In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

To have guilty knowledge, the defendant you are considering need not have known the full extent of the conspiracy charged in Count One, or all of its activities or all of its participants.   It is not even necessary that a defendant know every other member of the conspiracy.   In fact, a defendant may know only one other member of the conspiracy and still be

a co-conspirator.    Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he, in fact, participated in the conspiracy in the manner explained with knowledge of its object or objects and with the intent to further that object or objects.    The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt.    The defendant need not have joined the conspiracy at the outset.

The defendant may have joined it for any purpose at any time in its progress, and that defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.    Some conspirators play major roles, while others play minor roles in the scheme.    An equal role is not what the law requires.    In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.    Similarly, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.    In other words, knowledge without participation is not sufficient.    A person may know, or be friendly with, a criminal, without being a criminal himself.    Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in a conspiracy.    What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful object.

24

In sum, the defendant you are considering, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.   The defendant thereby became a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.   A conspiracy, once formed, is presumed to continue until either its object is accomplished or there is some affirmative act of termination by its members.   So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that person withdrew and disassociated himself from it.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 19-6; the charge given by the Hon. Kimba M. Wood's instructions in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW); the charge given by the Hon. Kimba M. Wood in *United States v. Catalano*, 12 Cr. 725 (KMW).  *See also United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.   A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)); *United States v. Miranda-Ortiz*, 926 F.2d 172, 175-6 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); *United States v. Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same).

## REQUEST NO. 13

## Dual Intent No Defense

### [*If Applicable*]

During this trial the defendants have contended that their actions and the actions were motivated by considerations that were not unlawful.   However, even if true, it is not a defense to any count that the defendant may have been motivated by both proper and improper motives.   A defendant may be found to have the requisite fraudulent intent even if he possesses a dual intent – that is, an unlawful intent and also partly a proper or neutral intent.

> Adapted from the charge given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317; *see also United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part "does not insulate participants in an unlawful transaction from criminal liability").

26

## REQUEST NO. 14

## Aiding and Abetting and/or Willfully Causing a Crime

With respect to Counts Two and Three, which charge the substantive offense of wire fraud, the defendants named in each count are also charge with having "aided and abetted" and/or "willfully caus[ing]" another person to commit each of those crimes.   I will take each of those concepts – aiding and abetting and willfully causing a crime – in turn.

## Aiding and Abetting

The aiding and abetting statute provides, in relevant part, that: "[w]hoever commits an offense . . . or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."   What that means is that, even if the defendant you are considering did not himself commit wire fraud, the Government may meet its burden of proof by: (1) proving that another person actually committed the wire fraud offense with which the defendant you are considering is charged; and (2) proving that the defendant you are considering aided or abetted that person in the commission of that wire fraud.   A person who aids or abets another to commit wire fraud is just as guilty of wire fraud as if he committed the offense himself.

In order to prove a particular defendant guilty as an aider or abetter, the Government must prove beyond a reasonable doubt:

*First*, that one or more other persons committed the charged wire fraud (that is, all of the elements of the crime previously described were committed by someone);

*Second*, that the defendant, knowing that such a crime was being committed, intentionally associated himself with that crime; and

*Third*, that the defendant intentionally took some action to help the crime succeed.

27

To act "intentionally" means to act deliberately and purposefully, rather than by mistake, accident, mere negligence, or for some other innocent reason.

Please note, however, that the mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.  One who has no knowledge that a crime is being committed, or is about to be committed, but who inadvertently does something that aids in the commission of the crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant you are considering aided or abetted the commission of the crime with which that defendant is charged, ask yourself these questions:  Did the defendant participate in the crime charged as something he wished to bring about?  Did the defendant associate himself with the criminal venture knowingly and willfully?  Did the defendant seek, by his actions, to make the criminal venture succeed?

If the defendant did, then he is an aider and abettor, and therefore guilty of the offense.  If the defendant did not, then the defendant is not an aider and abettor.

## **Willfully Causing a Crime**

Alternatively, the Government may meet its burden by establishing that the defendant you are considering "willfully cause[d]" another to commit a crime.  The law provides that: "Whoever willfully causes an act to be done which, if directly performed by him, would be a [criminal] offense is punishable as a principal." What that means is that, even if the defendant himself did not commit wire fraud, the Government may meet its burden of proof by: (1) providing that another person actually committed the wire fraud offense with which the

defendant you are considering is charged; and (2) providing that the defendant you are considering willfully caused that person to commit the wire fraud wire fraud.

The term "willfully" means intentionally, rather than through mistake, mere negligence, or for some other reason.   Thus, if you are persuaded beyond a reasonable doubt that the defendant you are considering willfully caused another to commit wire fraud, then he is guilty of the crime charged just as if the defendant himself had actually committed it.

There is one critical difference between aiding and abetting and willfully causing another to commit wire fraud.   With respect to willful causation, the Government need not prove that the defendant you are considering acted through a guilty person.   Rather, the defendant can be found guilty even if he acted through someone who has no knowledge of the fraud schemes charged in the indictment.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 11-1, 11-2, 11-3; the charge given by the Hon. Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) ; the charge given by the Hon. Richard J. Sullivan in *United States v. Pierce*, 06 Cr. 1032 (RJS); *see United States v. Concepcion*, 983 F.2d 369, 383-84 (2d Cir. 1992) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries'" (citations omitted)); *United States v. Margiotta*, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); *United States v. Ordner*, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant"); *United States v. Jordan*, 927 F.2d 53, 55 (2d Cir. 1991) (jury properly instructed that defendant could be found guilty where the defendant caused government agent to ferry narcotics into the United States).

## REQUEST NO. 15

## Venue

In addition to proving the essential elements of each crime beyond a reasonable doubt, the Government must also establish what is called "venue"—that is, that some act pertaining to the charge occurred in the Southern District of New York.   The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.   The Government does not have to prove that the complete crime was committed within the Southern District of New York or that the defendants were ever in the Southern District of New York.

Venue must be examined separately for each count in the Indictment. Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to the charge of conspiracy to commit wire fraud, Count One, it is sufficient to establish venue if the Government proves that any act in furtherance of the crime charged in the Southern District of New York.   The act itself need not be a criminal act; it could include, for example, a meeting with others involved in the criminal scheme within this District. The act need not be taken by any Defendant or a conspirator, as long as the act was caused by the conduct of a defendant or a coconspirator or was reasonably foreseeable.

With respect to the substantive wire fraud charges, Counts Two and Three, it is sufficient to establish venue if the Government proves that any of the wire communications you found to satisfy the third element of the offense – use of interstate wires – were transmitted from or to the Southern District of New York.   However, if you find a defendant guilty on an aiding

and abetting theory, you need not consider venue as to that defendant so long as the Government has proven venue with respect to the person whom the defendant aided and abetted.

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence.   To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.   If you find that the Government failed to prove venue by a preponderance of the evidence as to any count, you must return a verdict of not guilty as to that count.

Adapted from the Hon. Valerie E. Caproni's instructions in *United States v. Kaloyeros*, 16 Cr. 776 (VEC).

## REQUEST NO. 16

### Motive

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.   Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.   If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's motive for the crime or crimes may be, or whether the defendant's motive was shown at all.   The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 6-18; the Hon. Deborah A. Batts's instructions in *United States v. Gupta*, 07 Cr. 177.

## REQUEST NO. 17

## Conscious Avoidance

In determining whether a defendant has knowledge of a particular fact, you may consider whether that defendant consciously avoided learning those facts by deliberately closing his eyes to what otherwise would have been clear.

As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact.   The law calls this "conscious avoidance" or "willful blindness."

In short, in determining whether the Government has proven beyond a reasonable doubt that a defendant had knowledge or acted "knowing" that a certain thing was intended or would occur, you may consider whether that defendant deliberately closed his eyes to what would otherwise have been obvious to him.   One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.   And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

In the context of the conspiracy charged in Count One, if you find beyond a reasonable doubt that a defendant intentionally participated in the alleged conspiracy, but deliberately and consciously avoided learning or confirming the specific objective of the conspiracy, then you may infer from the defendant's willful and deliberate avoidance of knowledge that the defendant understood the objectives or goals of the conspiracy.   I caution you that there is a difference between knowingly participating in a conspiracy, on the one hand, and knowing the object or

objects of the conspiracy on the other. Conscious avoidance cannot be used as a substitute for finding that the defendant knowingly joined a conspiracy, that is, that a defendant knew that he was becoming a party to an agreement to accomplish an alleged illegal purpose.   It is, in fact, logically impossible for a defendant to join a conspiracy unless he knows the conspiracy exists. The defendant must know that the conspiracy is there.

However, in deciding whether a defendant knew the objectives of a conspiracy, you may consider whether the defendant was aware of a high probability that an objective of the conspiracy was to commit the crime or crimes charged as an object of the conspiracy and nevertheless participated in the conspiracy. You must judge from all the circumstances and all the proof whether the government did or did not satisfy its burden of proof beyond a reasonable doubt.

In sum if you find that the defendant you are considering was aware of a high probability that a fact was so, and that the defendant you are considering deliberately avoided learning or confirming that fact, you may find that such defendant acted knowingly. However, if you find that the defendant actually believed that the fact was not so, then he did not act knowingly with respect to whatever charge you are considering.

You must also remember that guilty knowledge may not be established by demonstrating that a defendant was merely negligent, reckless, foolish, or mistaken.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3A-2; the charge given by Hon. Laura Taylor Swain in *United States v. Bonventre*, 10 Cr. 228; the charge given by the Hon. Richard J. Sullivan in *United States v. Wadman*, No. 08 Cr. 1295; the charge given by the Hon. John F. Keenan in *United States v. Rohan Cameron*, 03 Cr. 1457.

"A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the

defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted). The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1)  if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

## REQUEST NO. 18

## Variance in Dates and Amounts

You will note that the Indictment alleges that certain acts occurred on or about various dates or that a certain amount of money was involved.   It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or that the amount of money involved was different.   The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence or the amounts alleged in the Indictment and the amounts established by the evidence.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 3-12 and 3-13.

## REQUEST NO. 19

## Law Enforcement or Government Witnesses

**[*If Applicable*]**

You have heard the testimony of law enforcement or other Government witnesses.   The fact that a witness may be employed as a law enforcement official or Government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.   At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or Government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 7-16; the instruction given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317; and the charge given by the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK)

**REQUEST NO. 20**Error! Bookmark not defined.

**Accomplice Testimony**

You have heard testimony from certain government witnesses who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who participated in the criminal activity about which they testified in a trial. For those very reasons, the law allows the use of the testimony of cooperating or accomplice witnesses. In fact, in federal courts, the law is that the testimony of a cooperating or accomplice witness in itself may be enough for conviction if the jury believes it proves guilt beyond a reasonable doubt.

Accordingly, the testimony of these accomplice or cooperating witnesses was properly before you.   The government argues, as it is entitled to do, that if such testimony could not be used, there would be many cases in which there was real guilt, and convictions could not be obtained.   However, the testimony of cooperating or accomplice witnesses should be scrutinized with special care because such witnesses may believe that it is in their interest to give testimony favorable to the Government, and the fact that a witness is an accomplice can be considered by you in evaluating his credibility.   It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving you a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given the weight it deserves in light of the facts and circumstances before you, taking into account the witness' demeanor, candor, the strength and accuracy of the witness' recollection, their background, and the extent to which their testimony is or is not corroborated by other evidence in

38

the case. You may consider whether an accomplice witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether it has affected his testimony.

You have also heard testimony about various agreements between the government and the accomplice witnesses. I must caution you that it is no concern of yours why the government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of these witnesses, you should ask yourselves whether these witnesses would benefit more by lying or more by telling you the truth. Was their testimony made up in some way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served telling you the truth? If you believe that a witness was motivated by hopes of personal gain, was the motivation one that would cause them to lie or one that would cause him to tell you the truth? Did the motivation color the witness' testimony?

If you find that testimony by such a witness is false, you should reject it. If, however, after giving cautious and careful consideration to that testimony, and to the witness' demeanor, and the other things that I mentioned, and you're satisfied that the witness told you the truth, you should accept it as credible and act accordingly.

As with any witness, let me emphasize that the issue of credibility doesn't have to be decided on an all-or-nothing basis. Even if you find that a witness testified falsely in one part, you're still entitled to accept that testimony in other respects, or you can throw it all out of your consideration. That's up to you.

You also heard testimony that certain of the accomplice witnesses pled guilty to certain crimes that are related to the allegations in this case.    You are to draw no conclusions or

39

inferences of any kind about the guilt of any of the defendants on trial from the fact that a

cooperating witness pled guilty to similar charges.   The decisions of those witnesses to plead

guilty were personal decisions that they made about their own guilt.   It may not be used by you

in any way as evidence against any of the defendants on trial.

Adapted from the charge given by the Hon. Lewis A. Kaplan in
*United States v. Blaszczak*, 17 Cr. 357 (LAK); and the charge given
by the Hon. Valerie E. Caproni in *United States v. Percoco*, 16 Cr.
776 (VEC).

## REQUEST NO. 21

### *Falsus In Uno*

If you find that any witness wilfully lied about any material matter, you may either disregard all of that witness' testimony, or you may accept whatever part of it you think deserves to be believed.   In other words, if you find that a witness lied under oath about a material fact, you may treat it as a slice of toast which has been partially burned.   You can either throw the whole piece out, or you can scrape off the burned part and eat the rest.   Ultimately, the determination of whether and to what extent you accept the testimony of any witness is entirely up to you.

Adapted from the charge given by the Hon. Lewis A. Kaplan in
*United States v. Blaszczak*, 17 Cr. 357 (LAK).

41

**REQUEST NO. 22**

**Preparation of Witnesses**

[*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.   Such consultation helps conserve your time and the Court's time.   Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317; and the charge given by the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS).

## REQUEST NO. 23

## False Exculpatory Statements

**[*If Applicable*]**

You have heard testimony that [the defendant] made statements in which he claimed that his conduct was consistent with innocence and not with guilt.   The Government claims that these statements in which the defendant attempted to exculpate himself are false.   If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.   You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 6-11.

## REQUEST NO. 24

## Similar Acts

**[*If Applicable*]**

There has been evidence received during the trial that the defendant engaged in conduct which was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendants are on trial only for committing the acts alleged in the Indictment.   Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant you are considering committed the crimes charged.   Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.   This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and to provide background for the alleged conspiracy, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant under consideration acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake.   It may not be considered by you for any other purpose.   Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-25, 5-26.

44

## REQUEST NO. 25

## Particular Investigative Techniques

### [*If Applicable*]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.   While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.   The Government is not on trial and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 4-4; the charge given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317.

## REQUEST NO. 26

## Use of Evidence Obtained Pursuant to Searches and Seizures,

## Recordings Made During the Investigation

### [*If Applicable*]

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, and in particular, of email evidence obtained pursuant to court-approved search warrants.   You have also heard recorded calls and conversations that were offered into evidence during this trial.   I instruct you that all of the evidence in this case, including evidence obtained pursuant to searches and the recorded meetings and conversations played during this trial, was lawfully obtained, that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.   Whether you approve or disapprove of the recordings of calls or conversations, or of the uses of searches to obtain evidence, should not enter into your deliberations, because I instruct you that the Government's use of this evidence is entirely lawful.   Therefore, you must give this evidence your full consideration, along with all the other evidence in the case, as you determine whether the Government has proved each defendant's guilt beyond a reasonable doubt.

> Adapted from the charge given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); and the charge given by the Hon. Katherine B. Forrest's in *United States v. Levin*, 15 Cr. 101 (KBF).

## REQUEST NO. 27

### Audio Recordings and Transcripts

In connection with the recordings that you have heard, you were given transcripts of the conversations to assist you.   I told you then and I remind you now, the transcripts are not evidence.   It is the recordings that are evidence.   The transcripts were provided as an aid to you while you listened to the tapes.   It is for you to decide whether the transcripts correctly present the conversations as they are heard on the tapes you have listened to.   If you perceive any difference between the recording and the transcript, it is the recording that controls.

> *See* Hon. Colleen McMahon, Jury Charge, *United States* v. *Louis Cherico*, 08 Cr. 786 (CM) (S.D.N.Y. 2011).

## REQUEST NO. 28

## Charts and Summaries: Admitted as Evidence

**[*If Applicable*]**

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.   I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.   You should consider these charts and summaries as you would any other evidence.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-12.

## REQUEST NO. 29

## Charts and Summaries: Not Admitted as Evidence

### [*If Applicable*]

There have also been a number of summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case.   The charts and exhibits act as visual aids for you.   They are not, however, evidence in themselves.   They are graphic demonstrations of underlying evidence.   It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.   To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.   To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.


Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-13; the charge given by the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS).

## REQUEST NO. 30

### Stipulations of Testimony

**[*If Applicable*]**

In this case you have heard evidence in the form of stipulations of testimony.   A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.   You must accept as true the fact that the witness would have given that testimony.   However, it is for you to determine the effect to be given that testimony.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-7; the charge given by the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

## REQUEST NO. 31

## Stipulations of Fact

[*If Applicable*]

In this case you have also heard evidence in the form of stipulations of fact.   A stipulation of fact is an agreement between the parties that a certain fact is true.   You must regard such agreed-upon facts as true.

Adapted from Sand *et al*., *Modern Federal Jury Instructions*, 5-6; the charge given by the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

51

## REQUEST NO. 32

## Redaction of Evidentiary Items

### [*If Applicable*]

Among the exhibits received in evidence, there are some documents that are redacted.   "Redacted" means that part of the document or tape was taken out.   You are to concern yourself only with the part of the item that has been admitted into evidence.   You should not consider any possible reason why the other part of it has been deleted.

Adapted from the Hon. Kimba M. Wood's instructions in *United States v. Cespedes-Pena*, 14 Cr. 520.

## REQUEST NO. 33

## Persons Not on Trial

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in the Indictment, or are not present at this trial.   In addition, you may not speculate as to the reasons why other persons are not defendants in this trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

Adapted from the charge given by the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 ; *see also United States v. Muse*, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2017).

## REQUEST NO. 34

## Character Witnesses

**[*If Applicable*]**

The defendant has called witnesses who have given their opinion of his character or reputation.   This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty.   That question is for you alone to determine.   You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created, you must acquit.   On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

54

## REQUEST NO. 35

### Uncalled Witnesses – Equally Available or Unavailable

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.   I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 6-7; the charge of the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK); *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

## REQUEST NO. 36

### Acts and Statements of Co-Conspirators

Certain evidence was admitted at this trial concerning acts and statements of others because such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendants.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy.  As I have said, a conspiracy is often referred to as a partnership in crime.  As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes as agent for the other conspirators in carrying out the conspiracy.

Therefore, under the law, the acts and statements of one member of a conspiracy are treated as the acts and statements of all other members of the conspiracy, if the acts and statements are made during the existence of the conspiracy and in furtherance of the goals of the conspiracy.

Therefore, if you find, beyond a reasonable doubt, that the defendant you are considering was a member of the conspiracy alleged in Count One, you may consider against that defendant acts and statements of other members of that conspiracy if they were (a) reasonably foreseeable to the defendant, (b) made during the existence of the conspiracy, and (c) made in furtherance of the goal of the conspiracy.   You may consider these acts and statements against the defendant you are considering even if they were made in the defendant's absence and without his knowledge.

Adapted from the Hon. Valerie E. Caproni's instructions in *United States v. Percoco*, 16 Cr 776 (VEC); the Hon. Michael B. Mukasey's instructions in *United States v. Salam*, No. S1 98 Cr. 208.

56

## REQUEST NO. 37

### Defendant's Testimony

**[*Requested Only If the Defendant Testifies*]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.   This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

In this case, [name of the defendant] did testify and he was subject to cross-examination like any other witness.   You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from the charge given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317.   *See United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when a defendant testifies).

## REQUEST NO. 38

## Defendant's Right Not to Testify

**[*If Requested by the Defendant*]**

The defendants did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that a particular defendant did not testify.   No adverse inference against him may be drawn by you because he did not take the witness stand.   You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-21.

## REQUEST NO. 39

### Improper Considerations:   Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.   It would be improper for you to consider any personal feelings you have about the defendant's race, religion, national-origin, gender, sexual orientation, or age.   Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.   The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from the charge given by the Hon. Kimba M. Wood in
*United States v. Cespedes-Pena*, 14 Cr. 520.

## REQUEST NO. 40

## Punishment Is Not to Be Considered by the Jury

The question of possible punishment of the defendants or the potential consequence of conviction is no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing sentence rests exclusively with me.   Your function is to weigh the evidence in the case and to determine whether or not the defendant you are considering is guilty beyond a reasonable doubt, solely on the basis of such evidence.   Under your oath as jurors, you cannot allow consideration of the punishment that may be imposed on the defendants, if convicted, to influence your verdict, in any way.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 9-1; *see Shannon v. United States*, 512 U.S. 573, 579 (1994); the charge of the Hon. Lewis A. Kaplan in *United States v. Blacksands*, 17 Cr. 0155 (LAK)

60

## REQUEST NO. 41

### Sympathy: Oath as Jurors

Under your oath as jurors, you are not to be swayed by sympathy.    You are to be guided solely by the evidence in the case.    You are to determine the guilt or non-guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict.   And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict.   It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you don't arrive at a true and just verdict.   Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

The charges here, ladies and gentlemen, are serious, and the just determination of this case is important to both the defendants and the Government.    Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.

If the Government has failed to carry its burden, your sworn duty is to bring in a verdict of not guilty.   If the Government has carried its burden, you must not flinch from your sworn duty, and you must bring in a verdict of guilty.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 2-12; the charge given by the Hon. Irving Kaufman in *United State*s *v. Davis*, Appellant's Appendix at pp. 15a-16a, *aff'd*, 353 F.2d 614 (2d Cir. 1965).

61

## Conclusion

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict as to each defendant on each count must represent the considered judgment of each juror.   In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.   Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.   If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.   Both sides are entitled to a fair trial.   You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for her or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.   In the course of your

deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here. Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like.   The foreperson will preside over your deliberations, and will be your spokesperson here in court.   That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you.   Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

Adapted from the charge given by the Hon. Kimba M. Wood in
*United States v. Cespedes-Pena*, 14 Cr. 520.

* * *

The Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
      August 22, 2018

                    Respectfully submitted,


                    ROBERT S. KHUZAMI
                    Attorney for the United States, Acting
                    Under Authority Conferred by 28 U.S.C. § 515


By:     /s/
                    Edward B. Diskant
                    Noah Solowiejczyk
                    Eli J. Mark
                    Aline R. Flodr
                    Assistant United States Attorneys
                    (212) 637- 2294/2473/2431/1110