# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JAMES GATTO,
a/k/a "Jim,"
MERL CODE, and
CHRISTIAN DAWKINS,

       Defendants.

Case No. S2 17-cr-00686 (LAK)

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR JOINT MOTION TO DISMISS
## THE SECOND SUPERSEDING INDICTMENT

**NEXSEN PRUET LLC**
William W. Wilkins
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211

**OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.**
Merl F. Code
300 North Main Street
Greenville, South Carolina, 29601
(864) 271-1300

*Attorneys for Defendant Merl Code*

**WILLKIE FARR & GALLAGHER LLP**
Michael S. Schachter
Casey E. Donnelly
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Attorneys for Defendant James Gatto*

**HANEY LAW GROUP PLLC**
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470

*Attorneys for Defendant Christian Dawkins*

Defendants James Gatto, Merl Code and Christian Dawkins respectfully submit this memorandum of law in support of their joint motion to dismiss the Second Superseding Indictment (the "Second Superseding Indictment" or "S2").

On December 22, 2017, Defendants submitted a motion to dismiss the initial Indictment returned by the Grand Jury on November 7, 2017 (the "Initial Indictment"). (*See* Dkt. 58 (Defendants' Motion to Dismiss the Indictment (the "Original Motion to Dismiss")); Dkt. 59 (Memorandum of Law in Support of Defendants' Motion to Dismiss the Indictment (the "MTD Memo"))).

In their Original Motion to Dismiss, Defendants argued that the Initial Indictment failed to allege a valid wire fraud scheme or conspiracy to commit wire fraud, for four reasons, namely: (1) the Initial Indictment asserted that the purpose of the alleged scheme was to "step up and help" the relevant Universities and only "schemes to defraud" a victim, not "schemes to help" a victim violate the wire fraud statute, *see* MTD Memo at 12-17; (2) the Initial Indictment failed to allege that Defendants sought to "obtain money or property" from the Universities and the wire fraud statute only reaches fraudulent schemes executed in order to "obtain money or property," *see id*. at 18-28; (3) the Initial Indictment failed to allege that a deprivation of the Universities' money or property was the "goal" of the alleged scheme and the wire fraud statute does not prohibit schemes in which such deprivation is simply an inadvertent consequence, *see id*. at 28-31; and (4) the Initial Indictment failed to allege that the scheme Defendants allegedly conspired to commit was to be accomplished by means of material misrepresentations. *Id*. at 31-34.

On February 28, 2018, Your Honor denied Defendants' Original Motion to Dismiss in its entirety. (Dkt. 106 (the "February 28 Opinion")). On April 10, 2018, the

Government filed a superseding indictment, which contained new allegations describing a purported conspiracy and scheme to defraud North Carolina State University and the University of Kansas, and which also added two substantive counts of wire fraud concerning the University of Kansas and the University of Louisville. (Dkt. 137 (the "First Superseding Indictment")). Then, on August 14, 2018, the Government filed the Second Superseding Indictment. (Dkt. 170). The Second Superseding Indictment does not add or delete any counts, but it does alter certain factual allegations. Most notably, the Second Superseding Indictment no longer alleges that the financial assistance allegedly provided by Defendants to the families of certain prospective college athletes was given with the "expectation that those players would subsequently sign endorsement contracts with [Adidas] upon turning professional." (*Compare* S1 ¶¶ 2, 30, 33, 40, 44 with S2 ¶¶ 2, 29, 32, 39, 43; *see* Ex. A (Redline Comparing First Superseding Indictment To Second Superseding Indictment)). Otherwise, the Second Superseding Indictment continues to suffer from the same deficiencies as the Initial Indictment, as described in Defendants' Original Motion to Dismiss. In fact, the Second Superseding Indictment now makes explicitly clear that Defendants Gatto and Code—an employee of and consultant for Adidas, respectively—did not seek to "obtain" anything at all from the relevant Universities, because the Second Superseding Indictment no longer alleges that Messrs. Gatto and Code made payments to the family members of college athletes with an expectation that these athletes would sign endorsement deals with Adidas upon turning professional.

Although Defendants understand that Your Honor is likely to rule on the present motion in a manner consistent with the February 28 Opinion, Defendants believe it is necessary to bring the present motion in order to preserve their rights for any appeal. Accordingly, for the

same reasons set forth in Defendants' Original Motion To Dismiss, Defendants hereby seek an order from the Court dismissing the Second Superseding Indictment.

## **CONCLUSION**

Accordingly, this Court should order the dismissal of the Second Superseding Indictment against Defendants.

Dated: New York, New York
September 12, 2018

| | |
|---|---|
| **NEXSEN PRUET LLC** | **WILLKIE FARR & GALLAGHER LLP** |
| By: /s/ William W. Willkins<br>William W. Wilkins<br>Mark C. Moore<br>Andrew A. Mathias<br>55 E. Camperdown Way, Suite 400<br>Greenville, South Carolina 29601<br>(864) 370-2211 | By: /s/ Michael S. Schachter<br>Michael S. Schachter<br>Casey E. Donnelly<br>787 Seventh Avenue<br>New York, New York 10019<br>(212) 728-8000<br><br>*Attorneys for Defendant James Gatto* |
| **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**<br>Merl F. Code<br>300 North Main Street<br>Greenville, South Carolina, 29601<br>(864) 271-1300<br><br>*Attorneys for Defendant Merl Code* | **HANEY LAW GROUP PLLC**<br><br>By: /s/ Steven A. Haney<br>Steven A. Haney<br>3000 Town Center Drive, Suite 2570<br>Southfield, Michigan 48075<br>(248) 414-1470<br><br>*Attorneys for Defendant Christian Dawkins* |