

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 15, 2018

**BY HAND DELIVERY AND ELECTRONIC MAIL**

The Honorable Lewis A. Kaplan
United States District Judges
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    United States v. James Gatto et al., S2 17 Cr. 686 (LAK)

Dear Judge Kaplan:

The Government respectfully submits this letter in response to the defendants' motion to admit approximately three dozen calls, texts and emails, most of are inadmissible if offered by the defendants and have little, if any, relevant probative value at this trial.  In particular, the Government notes that many of these proposed exhibits pertain to persons and/or events the jury has heard little, if anything, about and for which the jury will have no context.  *See generally* Fed. R. Evid. 403.  Moreover, given the defendants' reliance on the state of mind exception, the Government notes that to fit within the then-existing state of mind hearsay exception under Fed. R. Evid. 803(3), the statement must be relevant and "must convey statements that 'face forward, rather than backward'" to prove that the declarant thereafter acted in accordance with those statements.  *United States v. Blake*, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016) (quoting *United States v. DiMaria*, 727 F.2d 265, 271 (2d Cir. 1984)).  By contrast, "'a statement of . . . belief [offered] to prove the fact . . . believed'" are not admissible under Fed. R. Evid. 803(3).  *United*

*States v. Mazer*, 631 F. App'x 57, 64 (2d Cir. 2015) (citing *United States v. Ledford*, 443 F.3d

702, 709 (10th Cir. 2005)).[1]

**A. "Evidence that Coaches at Division I Universities Sought Recruiting Assistance from Defendants"**

████████ ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████ ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████ ██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████ ████████████████████████████████████████████████████████████

████████████████████████████████████████████████

---

[1] For example, as the *Ledford* court explained: "Case law makes it clear that a witness may testify to a declarant saying 'I am scared,' but not 'I am scared because the defendant threatened me.' The first statement indicates an actual state of mind or condition, while the second statement expresses belief about why the declarant is frightened. The phrase 'because the defendant threatened me' is expressly outside the state-of-mind exception because the explanation for the fear expresses a *belief* different from the *state of* mind of being afraid." *United States v. Ledford*, 443 F.3d 702, 709 (10th Cir. 2005)

██████  ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████

███████  ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████

**B.  "Evidence Reflecting Defendants' State of Mind"**

**DX 5:** This is not forward-facing state of mind evidence but a backward looking justification or belief offered for the truth that the Government will not be able to cross examine Dawkins about.

**DX 7:** This call, a day later, directly contradicts the "state of mind" ostensibly set forth in DX 5. Moreover, the proposed clip omits necessary components of the call about the nefarious nature of the conduct.

██████  ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████

██████  ████████████████████████████████████████████████████████████

███████████████████████████████████

████████  ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████

**DX 218, DX 1016:** This "reaction" is of no relevance to Gatto's motives in 2015.

**C. "Evidence Reflecting State of Mind of Purported Co-Conspirators"**

█████  ███████████████████████████████████████████████

███████████████████████████████████████████

█████  ███████████████████████████████████████

██████████████████████████

█████  ███████████████████████████████

**DX 105, GX 102K-10, ███████**: These texts have no bearing on whether Dawkins intended

to defraud Louisville. █████████████████████████████████

███████████████████████████

**D. "Evidence Reflecting Andy Miller's Knowledge and Approval of Payments to Student Athletes**

████████████████  ██████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

**E. "Relevant Evidence Offered for a Non Hearsay Purpose"**

█████████████████████████████████████

█████  ██████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

**NCAA Evidence:** The Court has already ruled on this repeatedly. (*E.g.*,Tr. 477-478, 834.)

Respectfully submitted,

ROBERT S. KHUZAMI
Attorney for the United States, Acting Under
   Authority Conferred by 28 U.S.C. § 515


By:          /s/
           Edward B. Diskant/Noah Solowiejczyk/
           Eli J. Mark/Aline R. Flodr
           Assistant United States Attorneys
           (212) 637-2294/2473/2431/1110

cc: Defense counsel (by email)