# EXHIBIT 29



### NCAA DIVISION I STUDENT-ATHLETE
### REINSTATEMENT GUIDELINES
### Revised May 2018

---

**Student-Athlete Reinstatement Philosophy**

The NCAA Division I Committee on Student-Athlete Reinstatement subscribes to the students-first philosophy, ensuring the individual student-athlete as well as the general student-athlete body is at the forefront of each decision. With respect to a violation, the committee and NCAA student-athlete reinstatement staff attempt to place the student-athlete back in the position he or she would have been prior to the violation occurring while maintaining the integrity of the Association's values. Overall, the committee and reinstatement staff conduct their work by evaluating the totality of the circumstances surrounding each case and reaching an outcome that considers the well-being of the involved student-athlete while maintaining fairness.

---

**NCAA DIVISION I BYLAW 10 GUIDELINES.**

1.     **Bylaw 10.1 (Unethical Conduct).**

          **See NCAA Division I Student-Athlete Reinstatement Guidelines, Page Nos. 28-29, for Unethical Conduct Related to Academic Misconduct Violations (14.1.2.1).**

          Guidelines for violations involving prospective and enrolled student-athletes (effective for all violations occurring prior to August 1, 2013):

       a.     Bylaw 10.1-(c) (Provision of false or misleading information) or Bylaw 10.1-(g) (Provision of incomplete and inaccurate information to the NCAA, NCAA Eligibility Center or member institution).

          (1)     Provision of false, misleading, incomplete or inaccurate information [Bylaw 10.1-(c) and Bylaw 10.1-(g)] guideline is to start at a withholding of 50 percent and shall include a maximum withholding condition of permanent loss of eligibility. *(May 2008)*

          (2)     The NCAA Division I Committee on Student-Athlete Reinstatement indicated that student-athletes should not be reinstated when the following factors apply:

              (a)     Acted actively and deliberately to conceal, omit or provide inaccurate or false information;

              (b)     Had multiple opportunities to correct or provide accurate information; or

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 2

        (c)     Provided incomplete or inaccurate information to the NCAA enforcement or the NCAA amateurism certification staffs. *(May 2008)*

    (3)     In situations where a student-athlete provides false and misleading information during the investigation of the violation but the institution does not believe that the student-athlete "knowingly" provided the information and does not cite Bylaw 10.1-(c), the provision of the false and misleading information may be considered in evaluating the student-athlete's culpability for the initial violation. *(February 2001)*

Guidelines for violations involving prospective and enrolled student-athletes (effective for all violations occurring on or after August 1, 2013):

b.    <u>Bylaw 10.1-(f) (Competition under an assumed name or intent to otherwise deceive)</u>.

    (1)     The committee directed the reinstatement staff to begin its withholding analysis at permanent loss of eligibility. Consideration of mitigating factors may permit imposition of a minimum withholding condition of sit-a-season, charge-a-season. *(December 2007, updated December 2012)*

    (2)     The committee indicated that all institutional proceedings must be concluded prior to an institution submitting a request for reinstatement whenever possible. *(May 2008, affirmed December 2012)*

c.    <u>Bylaw 10.1-(a) (Refusal to furnish information relevant to investigation of possible NCAA violation), Bylaw 10.1-(b) (Provision of offering or providing prospective or enrolled student-athlete improper benefit or aid), Bylaw 10.1-(c) (Provision of false or misleading information), Bylaw 10.1-(e) (Provision of providing banned substance to student-athlete), or Bylaw 10.1-(g) (Provision of incomplete and inaccurate information to the NCAA, NCAA Eligibility Center or member institution regarding amateur status)</u>.

    (1)     The committee directed the reinstatement staff to begin its withholding analysis at sit-a-season, charge-a-season. *(May 2008, updated December 2012)*

    (2)     The committee indicated that student-athletes should not be reinstated when the following factors apply:

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 3

_____

(a)    Acted actively and deliberately to conceal, omit or provide inaccurate or false information;

(b)    Had multiple opportunities to correct or provide accurate information; or

(c)    Provided incomplete or inaccurate information to the NCAA enforcement or amateurism certification staffs. *(May 2008, affirmed December 2012)*

(3)    In situations where a student-athlete provides false and misleading information during the investigation of the violation but the institution does not believe that the student-athlete "knowingly" provided the information and does not cite Bylaw 10.1-(c), the provision of the false and misleading information may be considered in evaluating the student-athlete's culpability for the initial violation. *(February 2001, affirmed December 2012)*

2.    **Bylaw 10.3.1 (Sports Wagering Violations).**

a.    <u>Violations occurring prior to April 25, 2018.</u>

(1)    Prior to April 25, 2018, the legislated minimum penalty for a student-athlete who engaged in activities designed to influence the outcome of an intercollegiate contest or in an effort to affect win-loss margins ("point shaving") or who participated in any sports wagering activity involving the student-athlete's institution was permanent loss of remaining regular-season and postseason eligibility in all sports.

(2)    Prior to April 25, 2018, the legislated minimum penalty for a student-athlete who participated in any sports wagering activity through the Internet, a bookmaker or a parlay card, was ineligibility for all regular-season and postseason competition for a minimum period of one year from the date of the institution's determination that a violation had occurred and charging the student-athlete with a loss of a minimum of one season of eligibility. If the student-athlete was determined to have been involved in a later violation of any portion of Bylaw 10.3, the student-athlete permanently lost all remaining regular-season and postseason eligibility in all sports.

(3)    In situations where a student-athlete triggered the above legislated minimum penalty, cases should be reviewed on an individual basis to

NCAA Division I Student-Athlete
    Reinstatement Guidelines
May 2018
Page No. 4

determine whether a withholding penalty beyond the one-year withholding
is required.  *(June 2006, affirmed May 2013)*

(4)   In situations where a student-athlete did not trigger the legislated minimum
penalty above, the following conditions will be applied for all sports
wagering violations (dollar value is amount wagered or risked):

(a)   $25 or less = no withholding.

(b)   Greater than $25 to $100 = 10 percent withholding condition.

(c)   Greater than $100 to $300 = 30 percent withholding condition.

(d)   Greater than $300 to $500 = 50 percent withholding condition.

(e)   Greater than $500 = sit-a-season/charge-a-season withholding
condition.

In cases where the impermissible sports wagering activity greatly exceeds
$500, the committee directed the reinstatement staff to consider whether
additional withholding, including permanent ineligibility, may be
appropriate.  *(December 2011, affirmed May 2013)*

(5)   In addition, when a student-athlete receives winnings associated with any
sports wagering activity, the student-athlete must make repayment of full
value received.  *(December 2011, affirmed May 2013)*

b.   <u>Violations occurring on or after April 25, 2018:</u>

(1)   In situations where a student-athlete engages in activities designed to
influence the outcome of an intercollegiate contest or in an effort to affect
win-loss margins ("point shaving") or who participates in any sports
wagering activity involving the student-athlete's institution, the committee
directed the reinstatement staff to begin its withholding analysis at
permanent loss of eligibility in all sports. *(May 2018)*

(2)   In situations where a student-athlete participates in any sports wagering
activity through the Internet, a bookmaker or a parlay card, the committee
directed the reinstatement staff to begin its withholding analysis at sit-a-
season/charge-a-season and review cases on an individual basis to
determine whether an alternative withholding condition is appropriate. If
the student-athlete is determined to have been involved in a later violation

NCAA Division I Student-Athlete
    Reinstatement Guidelines
May 2018
Page No. 5
_____

of any portion of Bylaw 10.3, the committee directed staff to begin its withholding analysis at permanent loss of eligibility in all sports. *May 2018)*

(3)    For all other violations of Bylaw 10.3, the following guidelines shall apply (dollar value is amount wagered or risked):

    (a)    $25 or less = no withholding.

    (c)    Greater than $25 to $100 = 10 percent withholding condition.

    (c)    Greater than $100 to $300 = 30 percent withholding condition.

    (d)    Greater than $300 to $500 = 50 percent withholding condition.

    (e)    Greater than $500 = sit-a-season/charge-a-season withholding condition.

In cases where the impermissible sports wagering activity greatly exceeds $500, the committee directed the reinstatement staff to consider whether additional withholding, including permanent ineligibility, may be appropriate. *(December 2011, affirmed May 2013)*

(4)    In addition, when a student-athlete receives winnings associated with any sports wagering activity, the student-athlete must make repayment of full value received. *(December 2011, affirmed May 2013)*

**BYLAW 12 GUIDELINES.**

**Philosophy Statement.** The NCAA, as an amateur organization, separates itself from the professional model of athletics. In this separation, participation in athletics for individuals competing for Division I institutions or who wish to compete for a Division I institution should be motivated primarily by education and by the physical, mental and social benefits derived from such participation. An individual who engages in activities that clearly professionalize himself or herself will be deemed permanently ineligible for Division I athletics. *(February 2006)*

**Standard.** The individual's actions shall be reviewed under a "reasonable person" standard to determine if those actions warrant the individual's eligibility not being reinstated for intercollegiate athletics.

• Individuals who engage in the following activities have crossed the threshold of professionalism and, thus, their eligibility will not be reinstated:

NCAA Division I Student-Athlete
   Reinstatement Guidelines
May 2018
Page No. 6
_____

    a.     Sign an agreement or contract that states the individual is competing as a professional;

    b.     Sign an agreement or contract that provides the individual with money above expenses (even if the money is never paid);

    c.     Individual receives money above his or her expenses/individual has profited from his or her sport (i.e., could be in the form of cash payments, prize money, stipend);

    d.     Individual consistently represents himself or herself as a professional athlete;

    e.     Individual enters into written or verbal contract with an agent; or

    f.     Individual accepts significant monetary benefits from an agent.

**1.**    **Amateurism Issues Pre-Enrollment.**

- Follow the link below to view the pre-enrollment amateurism guidelines.

Division I ACP Guidelines Chart

**2.**    **Bylaw 12.1.2.1.6 (Preferential Treatment Pre-Enrollment Only – For Post-Enrollment Guidelines, see next section).**

    a.     Guidelines for violations involving prospective student-athletes occurring prior to April 14, 2017:

        (1)    Value of benefit ranges from greater than $100 to $500 = repayment;

        (2)    Value of benefit ranges from greater than $500 to $700 = withholding of 10 percent and repayment;

        (3)    Value of benefit ranges from greater than $700 to $1,000 = withholding of 20 percent and repayment; and

        (4)    Value of benefit greater than $1,000 = withholding of 30 percent and repayment. *(February 2004, updated May 2008 and May 2017)*

    b.     Guidelines for violations involving prospective student-athletes occurring on or after April 14, 2017:

        (1)    Value of benefit ranges from greater than $200 to $500 = repayment;

      (2)     Value of benefit ranges from greater than $500 to $700 = withholding of 10 percent and repayment;

      (3)     Value of benefit ranges from greater than $700 to $1,000 = withholding of 20 percent and repayment; and

      (4)     Value of benefit greater than $1,000 = withholding of 30 percent and repayment. *(May 2017)*

c.    <u>Other violations involving tangible benefits</u> (except for benefits from an agent). The committee confirmed that the culpability of the prospective student-athlete should be assessed regardless of the bylaw in question (e.g., Bylaw 13). The same dollar-figure guidelines should be the starting point in these cases as well. *(April 2004)*

d.    The committee noted the reinstatement staff should continue to review the factors that may increase or decrease the prospective or enrolled student-athlete's culpability in these violations and indicated that in situations where a student-athlete clearly has a responsibility for a violation and knowingly commits a violation of NCAA regulations, a significant withholding condition should be imposed. *(December 2000, updated May 2007)*

3.    **Post-NCAA Enrollment Amateurism Violations.** In light of the shift in reinstatement conditions for prospective student-athletes, the committee reviewed the reinstatement conditions for enrolled student-athletes who engage in activities in violation of NCAA amateurism legislation subsequent to their enrollment at a collegiate institution. Since significant changes occurred in the reinstatement conditions for prospective student-athletes, it seems consistent to apply a similar standard to enrolled student-athletes. In that regard, the following guidelines were adopted:

a.    <u>Post-enrollment acceptance of prize money violations occurring prior to August 1, 2013</u>. The committee determined the following:

      (1)     Student-athlete accepts prize money less than actual and necessary expenses outside of a permissible time period (nonsummer vacation period).

          (a)     Repayment of total prize money received.

          (b)     No withholding.

NCAA Division I Student-Athlete
   Reinstatement Guidelines
May 2018
Page No. 8

_____

(2)     Student-athlete accepts prize money above actual and necessary expenses for a particular event, but career prize money received was less than career expenses.

   (a)     Value of the total impermissible prize money is $100 or less = repayment;

   (b)     Value of the total impermissible prize money ranges from greater than $100 to $400 = withholding of 10 percent and repayment;

   (c)     Value of the total impermissible prize money ranges from greater than $400 to $700 = withholding of 20 percent and repayment; and

   (d)     Value of the total impermissible prize money is greater than $700 = withholding of 30 percent and repayment.

(3)     In addition, in cases where the impermissible prize money greatly exceeds $700, the committee directed the reinstatement staff to consider whether additional withholding, including permanent ineligibility, is appropriate. *(December 2009, updated May 2012)*

In light of the adoption of NCAA Rules Working Group Proposal Nos. 12-2, 12-3 and 12-5 related to NCAA post-enrollment prize money legislation, the committee's guideline was amended to reflect the following:

b.     <u>Post-enrollment acceptance of prize money violations occurring between August 1, 2013 and April 14, 2017</u>.  The committee determined the following:

(1)     Student-athlete accepts prize money greater than $300 above actual and necessary expenses during one calendar year but career prize money received was less than career expenses.

   (a)     Value of the total impermissible prize money is $100 or less = repayment;

   (b)     Value of the total impermissible prize money ranges from greater than $100 to $400 = withholding of 10 percent and repayment;

   (c)     Value of the total impermissible prize money ranges from greater than $400 to $700 = withholding of 20 percent and repayment; and

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 9

         (d)      Value of the total impermissible prize money is greater than $700 = withholding of 30 percent and repayment.

     (2)      In addition, in cases where the impermissible prize money greatly exceeds $700, the committee directed the reinstatement staff to consider whether additional withholding, including permanent ineligibility, is appropriate. *(December 2009, updated May 2012, updated May 2013, updated May 2017)*

c.      <u>Post-enrollment acceptance of prize money violations occurring on or after April 14, 2017</u>. The committee determined the following:

     (1)      Student-athlete accepts prize money greater than $300 above actual and necessary expenses during one calendar year but career prize money received was less than career expenses.

         a.      Value of the total impermissible prize money is $200 or less = repayment;

         b.      Value of the total impermissible prize money ranges from greater than $200 to $400 = withholding of 10 percent and repayment;

         c.      Value of the total impermissible prize money ranges from greater than $400 to $700 = withholding of 20 percent and repayment; and

         d.      Value of the total impermissible prize money is greater than $700 = withholding of 30 percent and repayment.

     (2)      In addition, in cases where the impermissible prize money greatly exceeds $700, the committee directed the reinstatement staff to consider whether additional withholding, including permanent ineligibility, is appropriate. *(May 2017)*

d.      <u>Competition on a professional team</u>.  If a student-athlete competes on a team that is considered professional under NCAA legislation, his or her eligibility will not be reinstated. However, in situations in which a professional athlete "plays down" on the involved student-athlete's otherwise amateur team, the committee noted a two-for-one withholding condition may be more appropriate (e.g., withhold two contests for every contest the student-athlete competed with professionals). The committee directed the reinstatement staff to continue to assess the student-athlete's culpability in the violation, including his or her knowledge of the professional team status. *(February 2004, updated December 2014)*

NCAA Division I Student-Athlete
   Reinstatement Guidelines
May 2018
Page No. 10

    e.     Expenses from a professional team.  If a student-athlete accepts expenses from a professional team subsequent to his or her enrollment, the student-athlete shall repay the expenses and the student-athlete's culpability will be assessed.  A withholding condition may be imposed based on the dollar amount of expenses accepted. Similar to prospective student-athletes who accept expenses from a professional team, the condition for expenses would be imposed only if reinstatement was warranted and would be in addition to any condition imposed for other amateurism violations.  *(February 2004)*

    f.     Signing of a contract or acceptance of a salary.  The committee noted that if an enrolled student-athlete signs a contract to participate in professional athletics or accepts a salary, the presumption should be permanent ineligibility.  *(February 2004)*

**4.    Bylaw 12.1.1.1.3 (Practice and Competition Prior to Initial Amateurism Certification by the NCAA Eligibility Center).** The committee directed the reinstatement staff to treat violations of Bylaw 12.1.1.1.3 in the following manner involving practice or competition occurring at a Division I institution.

The committee further directed the staff to apply these conditions regardless of the number of seasons in which the student-athlete practiced or competed prior to the discovery of the violation and receipt of a final amateurism certification decision.  *(May 2011, updated December 2011)*

    a.     Practice and competition violations for student-athletes who are subsequently certified without conditions (effective for all violations occurring prior to October 29, 2015).

        (1)    The committee directed the reinstatement staff to provide complete relief for practice and competition withholding if a student-athlete is subsequently final certified as an amateur without conditions.  *(May 2016)*

        (2)    The committee directed the reinstatement staff to provide complete relief from practice and competition if a student-athlete, after receipt of final amateurism certification for one sport, decides to then participate in another sport but failed to receive final amateurism certification in the second sport. Complete relief from withholding will be provided only if the student-athlete was subsequently certified without an amateurism certification penalty in the additional sport(s).  *(December 2012, updated May 2016)*

        (3)    For situations where the violation occurred due to institutional error and the student-athlete is not at fault (i.e., everything was on file with the NCAA

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 11

Eligibility Center and the student-athlete requested final certification), the student-athlete should not be withheld from practice or competition provided the institution provides the following documentation: (1) A letter from the NCAA Eligibility Center stating when (a) all information was submitted by the student-athlete, (b) the student-athlete requested final amateurism certification and (c) the student-athlete's name appeared on an institutional request list; and (2) A letter from the person at the institution responsible for certification documenting the institutional error. *(May 2010)*

b.  Practice and competition violations for student-athletes who are subsequently certified with an amateurism certification penalty (except Bylaws 12.8.3.2 and 12.8.3.5).

   (1)  Withhold one practice for every two in which the student-athlete participates after 45-day temporary certification period. *(December 2010)*

   (2)  Withhold one contest for every one in which the student-athlete participates. To be applied after completion of certification condition(s) imposed by NCAA Eligibility Center. *(May 2008)*

c.  Erroneous miscertification of amateur status. The committee noted that in situations where a student-athlete is erroneously certified without conditions (and would not have been rendered permanently ineligible), relief from the typical certification decision should then be provided. Further, the committee directed the reinstatement staff to only apply this guideline in cases where all relevant information and documentation was available to the NCAA Eligibility Center staff at the time of the original decision. *(December 2007, updated June 2009)*

5.  **Bylaw 12.1.2.1.6 (Preferential Treatment Subsequent to Initial Collegiate Enrollment at an NCAA Institution).**

   a.  Guidelines for violations involving student-athletes occurring prior to April 14, 2017:

      (1)  Value of benefit ranges from greater than $100 to $400 = withholding of 10 percent and repayment;

      (2)  Value of the benefit ranges from greater than $400 to $700 = withholding of 20 percent and repayment; and

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 12

_____

> (3)    Value of benefit greater than $700 = withholding of 30 percent and repayment. *(February 2004, updated May 2008, May 2012, May 2013, May 2017)*

> b.    <u>Guidelines for violations involving student-athletes occurring on or after April 14, 2017</u>:

> > (1)    Value of benefit ranges from greater than $200 to $400 = withholding of 10 percent and repayment;

> > (2)    Value of the benefit ranges from greater than $400 to $700 = withholding of 20 percent and repayment; and

> > (3)    Value of benefit greater than $700 = withholding of 30 percent and repayment. *(May 2017)*

> c.    <u>Other violations involving tangible benefits</u> (except for benefits from an agent). The committee confirmed that the culpability of the student-athlete should be assessed regardless of the bylaw in question (e.g., Bylaw 15). The same dollar-figure guidelines should be the starting point in these cases as well. *(April 2004)*

> d.    The committee noted the reinstatement staff should continue to review factors that may increase or decrease the enrolled student-athlete's culpability in these violations and indicated that in situations where a student-athlete clearly has responsibility for a violation and knowingly commits a violation of NCAA regulations, a significant withholding condition should be imposed. *(December 2000, updated May 2007)*

6.    **Bylaw 12.2.4.2.1.1 (Professional Basketball Draft – Four-Year College Student-Athlete – Men's Basketball).** The committee recognized the purpose of this legislation required a firm date that a student-athlete must withdraw his name from the National Basketball Association draft list not later than 10 days after the conclusion of the professional league's draft combine in order to retain his eligibility. Based on this, the committee directed the reinstatement staff to declare a student-athlete permanently ineligible when he does not remove his name from the draft list and declare his intent to resume intercollegiate participation by the legislated deadline. *(May 2011, updated May 2016)*

7.    **Bylaw 12.3 (Agents).**

> a.    The committee noted that agent violations are considered more serious than general extra-benefit violations of Bylaw 16 (awards, benefits and expenses for enrolled

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 13
_____

student-athletes) or Bylaw 12.1.2.1.6 (preferential treatment, benefits or services); therefore, the monetary guidelines should be more stringent than the extra-benefit guidelines. *(December 2000)*

b.    Seeking to obtain any type of financial gain or benefit from securing a prospective student-athlete's enrollment at an educational institution or from an enrolled student-athlete's potential earnings as a professional athlete has been deemed by the Division I membership as a very serious violation of amateurism and will result in permanent loss of eligibility for the prospective or enrolled student-athlete at any institution, regardless of whether the prospective or enrolled student-athlete had knowledge of such an arrangement or whether the proposed benefits ultimately were received. The committee noted that when a prospective student-athlete allows a third party to involve himself or herself in the recruitment process, or an enrolled student-athlete allows a third party to involve himself or herself in a process as it relates to their potential earnings as a professional athlete, the prospective or enrolled student-athlete is then responsible for the actions of that third party. Based on this principle, the committee indicated that the presumption in these cases is that the prospective or enrolled student-athlete had knowledge of the solicitation and that the third party had influence over the decision. Further, the committee noted that any limited restoration of eligibility can only be applied at an institution not directly involved in the violation. The effective date for this committee guideline is for violations occurring on or after August 1, 2012. *(May 2012, updated May 2015)*

c.    Monetary guidelines for violations of receipt of benefits from prospective agents. Based on the committee's review and analysis determining that agent violations are more serious than general extra-benefit violations of Bylaw 16 and preferential treatment violations of Bylaw 12.1.2.1.6, the committee directed the reinstatement staff to apply the following guidelines associated with the value of the benefits received from a prospective agent:

(1)    Value of benefit is $100 or less = withholding of 10 percent and repayment;

(2)    Value of benefit ranges from greater than $100 to $300 = withholding of 20 percent and repayment;

(3)    Value of benefit ranges from greater than $300 to $500 = withholding of 30 percent and repayment;

(4)    Value of benefit ranges from greater than $500 to $1,000 = withholding of 50 percent and repayment; and

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 14

—————

    (5)   For violations in which the value of the benefit is greater than $1,000, the committee indicated the minimum withholding condition applied should be sit-a-season, charge-a-season and repayment, up to permanent ineligibility.

In addition, the committee directed the staff to continue to use a "reasonable-person" standard in its analysis of these cases.

The committee noted that these penalties should be assessed in addition to any other bylaw violations and appropriate withholding conditions (e.g., Bylaw 12.1.2.1.6 or Bylaw 16). *(December 2010, affirmed December 2016)*

  d.    The committee affirmed that the reinstatement staff should consider the following issues:

     (1)   The value of the benefit received by the student-athlete;

     (2)   The student-athlete's awareness of the person's agent status; and

     (3)   The student-athlete's involvement in obtaining the benefit. *(December 2000, affirmed December 2016)*

  e.    <u>Recruiting services</u>.  The committee directed the reinstatement staff begin withholding consideration at 10 percent of one season of competition with the ability to increase or decrease the withholding based on the specific factors of the case.

Further the committee noted that there is no maximum withholding condition for post-NCAA enrollment violations. *(May 2011)*

**8.**   **Bylaw 12.5 (Promotional Activities).** The committee directed the reinstatement staff to analyze the following in reviewing these cases: *(December 2000, updated December 2008)*

  a.    How commercial the promotion was;

  b.    The culpability of the student-athlete, emphasizing whether the student-athlete had received NCAA rules education and had knowledge of the use of his or her name or picture; and

  c.    How the identity of the student-athlete was established (e.g., whether the promotion includes the student-athlete's name, institution, team and/or uniform).

NCAA Division I Student-Athlete
   Reinstatement Guidelines
May 2018
Page No. 15

9.      **Bylaw 12.8.3.2 (Delayed Enrollment).** The committee directed the reinstatement staff in situations when a student-athlete has participated during a year when he or she should have been serving an academic year in residence under Bylaw 12.8.3.2, but an NCAA Division I Legislative Council Subcommittee for Legislative Relief waiver is granted, relief should be provided from any reinstatement condition. *(June 2003)*

10.     **Bylaw 12.11.1 (Ineligibility).** The committee directed the reinstatement staff to consider the following factors in determining if withholding is appropriate for Bylaw 12.11.1 violations:

     a.     Did the student-athlete have any responsibility or knowledge that he or she should have been withheld?

     b.     Was there institutional error that led to the Bylaw 12.11.1 violation?

     c.     Was there a withholding condition assessed with the underlying violation?

     Further, the committee instructed the staff to provide complete relief from withholding if the institution can demonstrate the following: (1) a lack of student-athlete culpability; (2) institutional error led to the violation; and (3) no withholding condition was imposed for the underlying violation. All other reinstatement requests should be reviewed on a case-by-case basis with a starting point of a one-for-one withholding condition. *(December 2006, affirmed May 2012, updated May 2013, updated December 2014)*

**BYLAW 13 GUIDELINES.**

1.      **Standard for Review.** The committee determined that recruiting violations should be analyzed under a "reasonable-person" standard, focusing on whether the recruiting violation would have affected a "reasonable-person's" decision to attend the institution. *(February 2004)*

2.      **Conditions Imposed for Recruiting Violations.** The committee determined that if a significant recruiting advantage is gained (even if it does not rise to the level to warrant the student-athlete's eligibility not be reinstated), the reinstatement staff or committee may impose a withholding condition to address the recruiting advantage gained. *(February 2004)*

     **See NCAA Student-Athlete Reinstatement Guidelines, Page Nos. 27-28, for Offers and Inducements Related to Academic Misconduct Violations (13.2.1).**

NCAA Division I Student-Athlete
   Reinstatement Guidelines
May 2018
Page No. 16
_____

3.    **Bylaw 13.2.1 (Offers and Inducements), 13.6 (Official [Paid] Visit) and 13.7 (Unofficial [Nonpaid] Visit).**

  a.    Guidelines for violations involving prospective student-athletes occurring prior to April 14, 2017:

    (1)    Value of benefit ranges from greater than $100 to $500 = repayment;

    (2)    Value of benefit ranges from greater than $500 to $700 = withholding of 10 percent and repayment;

    (3)    Value of benefit ranges from greater than $700 to $1,000 = withholding of 20 percent and repayment; and

    (4)    Value of benefit greater than $1,000 = withholding of 30 percent and repayment. *(February 2004, updated May 2008, May 2017)*

  b.    Guidelines for violations involving prospective student-athletes occurring on or after April 14, 2017:

    (1)    Value of benefit ranges from greater than $200 to $500 = repayment;

    (2)    Value of benefit ranges from greater than $500 to $700 = withholding of 10 percent and repayment;

    (3)    Value of benefit ranges from greater than $700 to $1,000 = withholding of 20 percent and repayment; and

    (4)    Value of benefit greater than $1,000 = withholding of 30 percent and repayment. *(May 2017)*

  c.    Other violations involving tangible benefits (except for benefits from an agent).

    •    The committee confirmed that the culpability of the prospective student-athlete should be assessed regardless of the bylaw in question (e.g., Bylaw 12). The same dollar-figure guidelines should be the starting point in these cases as well. *(April 2004)*

  d.    The committee noted the reinstatement staff should continue to review factors that may increase or decrease the prospective or enrolled student-athlete's culpability in these violations and indicated that in situations where a student-athlete clearly has responsibility for a violation and knowingly commits a violation of NCAA

NCAA Division I Student-Athlete
    Reinstatement Guidelines
May 2018
Page No. 17

————————

        regulations, a significant withholding condition should be imposed. *(December 2000, updated May 2007)*

4.    **Bylaws 13.2.1 and 13.8.3.3 (Men's Basketball).** At the direction of the NCAA Division I Board of Directors, the committee determined that the starting point shall be permanent ineligibility for the involved prospective student-athlete at the offending institution for violations involving the following:

    a.    <u>Noncoaching staff-hiring practices (Bylaw 13.8.3.3)</u>.  For any violation of employing an individual associated with an involved prospective student-athlete to any department of athletics noncoaching staff position, during a two-year period, prior or subsequent to the anticipated or actual enrollment of the involved prospective student-athlete.

    b.    <u>Payment of consulting fees (Board approved interpretation to Bylaw 13.2.1)</u>.  For any violation of payment of a consulting fee to an individual associated with a prospective student-athlete or to a consulting firm in which an individual associated with a prospective student-athlete has a proprietary or financial interest. *(December 2009)*

5.    **Bylaws 13.2.1 and 13.8.3.4 (Women's Basketball).** The committee determined that the starting point shall be permanent ineligibility for the involved prospective student-athlete at the offending institution for violations involving the following:

    •    <u>Noncoaching staff-hiring practices (Bylaw 13.8.3.4)</u>.  For any violation of employing an individual associated with an involved recruited prospective student-athlete to any department of athletics noncoaching staff position, during a two-year period, prior or subsequent to the anticipated or actual enrollment of the involved prospective student-athlete. *(May 2017)*

6.    **Bylaws 13.2.1 and 13.8.3.5 (Football Bowl Subdivision).** The committee determined that the starting point shall be permanent ineligibility for the involved prospective student-athlete at the offending institution for violations involving the following:

    •    <u>Noncoaching staff hiring practices (Bylaw 13.8.3.5)</u>. For any violation of employing an individual associated with an involved prospective student-athlete to any department of athletics noncoaching staff position, during a two-year period, prior or subsequent to the anticipated or actual enrollment of the involved prospective student-athlete. *(May 2017)*

NCAA Division I Student-Athlete
   Reinstatement Guidelines
May 2018
Page No. 18

---

## BYLAW 14 GUIDELINES.

1.   **Bylaw 14.2.2 (Competition While Enrolled in Less than Full Time).** The committee confirmed that a one-for-one withholding condition is appropriate for competition while enrolled in less than a full-time course load. Relief may be appropriate if the following criteria are met:

    a.   The student-athlete took affirmative steps to maintain full-time enrollment;

    b.   An appropriate institutional authority misadvised the student-athlete as to the number of credit hours needed to maintain full-time enrollment; and

    c.   The student-athlete relied on the information from the appropriate institutional authority.

<u>OR</u>

    a.   The institution can demonstrate that the student-athlete did not miss class while enrolled less than full time (e.g., continued to attend class and/or complete coursework between class sessions); and

    b.   Student-athlete did not realize he or she had dropped below full-time enrollment. *(June 2000, affirmed June 2003, updated May 2016; affirmed May 2018)*

2.   **Bylaw 14.3 (Initial-Eligibility Violations).**

    a.   <u>Financial aid, practice and competition violations for student-athletes who are subsequently certified as qualifiers (effective for all violations occurring prior to October 29, 2015)</u>. *(December 2000, affirmed May 2012, updated May 2016)*

        (1)   Provide relief from repayment of impermissible financial aid received.

        (2)   The committee directed the reinstatement staff to provide complete relief for practice and competition withholding if a student-athlete is subsequently final certified as a qualifier.

        (3)   The committee determined that an institution should not be required to withhold the student-athlete from practice pending reinstatement once the student-athlete is determined to be a qualifier. The involved student-athlete, however, will continue to be ineligible for athletics competition until reinstated. In addition, the condition for reinstatement may include withholding from practice and if an institution withholds the student-athlete from practice subsequent to certification, but prior to the student-athlete

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 19

being reinstated, the institution may count those practices in meeting the reinstatement condition. *(June 2006)*

b.  Initial-eligibility violations involving nonqualifiers. The committee noted that for initial-eligibility violations involving nonqualifiers, where there was no way the student-athlete could have been eligible, the committee determined that the student-athlete should be withheld from practice and competition on a one-for-one basis and make full repayment of athletics aid. *(December 2002, updated November 2017)*

c.  Initial-eligibility violations involving academic redshirts. The committee noted that violations of academic redshirt legislation should be treated similarly to nonqualifiers (e.g., one-for-one withholding for impermissible practice and competition). *(December 2016)*

d.  Initial-eligibility violations involving canceled standardized test score. The committee reviewed cases of initial-eligibility violations involving student-athletes who practice, compete and/or receive athletically related financial aid prior to cancellation of a standardized test score that renders the student-athlete a nonqualifier. The committee determined that if a student-athlete is declared a nonqualifier and a full initial-eligibility waiver (financial aid, practice and competition) is subsequently granted and the institution has provided additional mitigation, the reinstatement staff should provide complete relief. The committee recommended that if a partial initial-eligibility waiver (financial aid, practice or both) subsequently was granted, the reinstatement staff should provide similar relief (e.g., if the initial-eligibility waiver was granted for financial aid but not practice then relief should be provided from repayment of financial aid but not from practice withholding). Finally, the committee noted that, if an initial-eligibility waiver is not granted and no additional mitigation is presented by the institution to warrant relief, then a withholding condition for practice and competition and repayment of financial aid should be imposed. *(December 2010, updated December 2012)*

e.  The committee reaffirmed its practice of requiring a student-athlete to put in writing that a Bylaw 10.1 (unethical conduct) violation did not occur in instances where there is a violation reported that involves a canceled test score. *(December 2006)*

3.  **Bylaw 14.4 (Progress-Toward-Degree Violations).**

a.  The committee determined that the reinstatement staff can provide complete relief from withholding for progress-toward-degree violations when:

NCAA Division I Student-Athlete
   Reinstatement Guidelines
May 2018
Page No. 20
_____

      (1)   The institution can demonstrate that the student-athlete would have been eligible under a different major at the institution at the time the violation occurred;

      (2)   This is certified in writing by an academic authority at the institution;

      (3)   The student-athlete was unaware that he or she was not eligible for competition; and

      (4)   The institution puts in writing that the miscertification was due to institutional error. *(December 2008)*

  b.   <u>Further, if the student-athlete could not have been eligible under another degree program, the reinstatement staff should consider the following circumstances:</u>

      (1)   How reasonable is it that the student-athlete could have rectified the problem?

      (2)   How proactive was the student-athlete in ensuring that he or she met the progress-toward-degree criteria?

      (3)   What was the source of misinformation or advice provided to the student-athlete?  Was the source an appropriate academic source?

      (4)   Did the student-athlete's academic performance contribute to his or her failure to meet the progress-toward-degree requirements?

    The committee noted that, unless the issue is solely a paperwork issue or the student-athlete's academic performance was not a contributing factor, generally complete relief should not be provided. However, based on the specific factors of the case, the reinstatement staff should consider imposing a one-for-four or one-for-two condition.

    In addition, in situations where there is no way the student-athlete could have been eligible, the student-athlete should be withheld on a one-for-one basis. *(May 2007, affirmed December 2008)*

4.   **Bylaw 14.5 (Transfer Violations).**

  a.   <u>Situations in which there is no way the student-athlete could have been eligible</u>. Situations in which a student-athlete competes during a transfer year in residence when there is no way he or she could have been eligible, the committee determined

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 21

that the student-athlete should be withheld on a one-for-one basis. *(September 2002)*

   b.   <u>Situations in which an institution allowed a student-athlete to compete while waiting for information that possibly could have been provided.</u> In situations where an institution allows a student-athlete to compete while waiting for information that possibly could have been provided, the reinstatement staff should analyze how reasonable it is that information could have been obtained, and consider the specifics of the particular case to determine if some level of relief may be appropriate. *(September 2002, updated June 2006)*

5.   **Academic Year-in-Residence Penalties and Sit-a-Season Penalties.** The committee noted that an academic year-in-residence penalty is assessed in situations where a student-athlete competes while he or she should have been serving an academic year in residence (e.g., transfer year in residence, nonqualifier year in residence, etc.). These conditions attempt to put the student-athlete back in the position he or she was in prior to the violation and thus, only requires the student-athlete to serve the year in residence (and not be charged). Due to the nature of the violation, the committee determined that under these circumstances, institutions should be given the choice of a reinstatement condition of sitting out the entire next academic year (without being charged a season of competition) or a withholding condition that is more appropriate (e.g., one-for-one withholding condition). *(May 2007, updated December 2012)*

Sit-a-season (charge-a-season) penalties are imposed for significant violations of NCAA rules (e.g., academic misconduct, amateurism violations, etc.). These conditions are withholding the student-athletes from competition and thus, must be fulfilled during one of the student-athlete's four seasons of competition (charging a year). *(May 2007)*

6.   **Fifty-Percent Threshold in Withholding Conditions.** The committee determined that relief should be provided from the one-for-one withholding condition applied to Bylaw 14 cases involving limited participation (50 percent or less of an institution's season) by a student-athlete while ineligible for the entire season due to not meeting academic requirements (e.g., initial eligibility or progress-toward-degree waiver requirements) or when the student-athlete should have been serving a transfer year in residence. Relief should only be applied when a student-athlete's ineligible competition occurs during the first half of the season and the student-athlete is ineligible for the entire season. Additionally, the committee determined the reinstatement staff should assess the student-athlete's culpability as part of the analysis as to whether the application of the 50-percent threshold is appropriate in a particular case.

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 22

_____

    The committee directed the reinstatement staff not to apply the 50-percent threshold guideline when the student-athlete has culpability for the violation. *(December 2002, updated May 2008, December 2012)*

**BYLAW 16 GUIDELINES.**

**See NCAA Student-Athlete Reinstatement Guidelines, Page No. 28, for Extra Benefits Related to Academic Misconduct (16.11.2.1).**

1.     **Bylaw 16.11.2.1 (Extra Benefits).**

    a.     <u>Guidelines for violations involving student-athletes occurring prior to April 14, 2017</u>:

        (1)     Value of benefit ranges from greater than $100 to $400 = withholding of 10 percent and repayment;

        (2)     Value of the benefit ranges from greater than $400 to $700 = withholding of 20 percent and repayment; and

        (3)     Value of benefit ranges greater than $700 = withholding of 30 percent and repayment. *(June 1999, updated May 2008, May 2012, May 2013, May 2017)*

    b.     <u>Guidelines for violations involving student-athletes occurring on or after April 14, 2017</u>:

        (1)     Value of benefit ranges from greater than $200 to $400 = withholding of 10 percent and repayment;

        (2)     Value of the benefit ranges from greater than $400 to $700 = withholding of 20 percent and repayment; and

        (3)     Value of benefit ranges greater than $700 = withholding of 30 percent and repayment. *(May 2017)*

    c.     <u>Other violations involving tangible benefits</u> (except for benefits from an agent). The committee confirmed that the culpability of the student-athlete should be assessed regardless of the bylaw in question (e.g., Bylaw 15). The same dollar-figure guidelines should be the starting point in these cases as well. *(April 2004)*

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 23

_____

     d.      The committee noted the reinstatement staff should continue to review factors that may increase or decrease the prospective or enrolled student-athlete's culpability in these violations and indicated that in situations where a student-athlete clearly has responsibility for a violation and knowingly commits a violation of NCAA regulations, a significant withholding condition should be imposed. *(December 2000, updated May 2007)*

2.     **Calculating the Value of an Impermissible Benefit.** For situations in which the institution cannot determine the actual value of an impermissible benefit as supported by objective documentation, the following guidelines should be used in determining the value of the benefit:

     a.      For a free service, the average market cost that a normal customer would be charged for the service in the locale where the violation occurred. For a reduced cost service, the difference of what the student-athlete paid for the service and what a normal customer would be charged for the service in the locale where the violation occurred. In a competitive market situation where multiple providers of the same or similar services exist, institutions are expected to contact three to five service providers to determine the average value of the impermissible service. *(May 2008)*

     b.      <u>Housing</u>. The committee determined the valuation for impermissible lodging to be the following:

          (1)     If a prospective student-athlete or enrolled student-athlete stays on campus, the residence hall rate shall apply;

          (2)     If an individual impermissibly stays at a hotel, the hotel daily rate for the same room type at the specific hotel shall apply; and

          (3)     If an individual impermissibly stays off campus at a private residence, the rental value of the property shall serve as the basis for the valuation. It is permissible to divide the rental value by the number of people staying in the household to calculate the value of an individual's stay on a per night basis. If the actual value of the property is not readily available, the committee instructed the reinstatement staff to ask an institution why valuation is not available and where the student-athlete would have resided if impermissible lodging was not provided. The committee agreed the reinstatement staff should provide flexibility in determining valuation of the impermissible lodging when a value cannot readily be determined. *(December 2009, updated December 2013)*

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 24

---

The committee determined institutions may divide impermissible housing by the total number of individuals who received the benefit, provided a "per person" rate was unavailable. The committee noted that an impermissible benefit received by individual(s) associated with a prospective or enrolled student-athlete would continue to have their impermissible benefit value included with the student-athlete's violation (e.g., family member). *(December 2013)*

c.    Impermissible automobile transportation. The committee determined the current institutional mileage reimbursement rate at the time of the violation should be used when calculating the value of the impermissible automobile transportation. *(May 2008)*

The committee determined institutions may divide impermissible transportation by the total number of individuals who received the benefit, provided a "per person" rate was unavailable. The committee noted that an impermissible benefit received by individual(s) associated with a prospective or enrolled student-athlete would continue to have their impermissible benefit value included with the student-athlete's violation (e.g., family member). *(December 2013)*

d.    Charter flights. The committee noted that the benefit of private or charter flights vary significantly from commercial coach flights (the previous method for determining value). Therefore, the committee directed the reinstatement staff to calculate the value of the benefit to be a first-class ticket for a similar commercial flight, or the actual cost of the charter or private flight, prorated by the number of seats on the plane, whichever is less. *(May 2011)*

e.    Value of free use or no-cost merchandise. For no cost, free use of or reduced cost of merchandise, the institution should calculate the retail cost or lease cost that a normal customer would have paid for the merchandise or lease in the locale where the violation occurred. *(December 2000, updated May 2008)*

f.    Impermissible loans. The committee confirmed in order to account for the full benefit received by the student-athlete or his or her family member, the value of a benefit in the form of a loan is the full amount of the loan, regardless of whether or not the loan was repaid prior to the request for reinstatement. The committee noted the value of the benefit and the repayment amount may differ depending on whether or not the loan had been repaid prior to discovery of the violation. *(May 2011)*

g.    Special access tickets (e.g. suite tickets, premium seating, sideline passes, press box). The committee directed the student-athlete reinstatement staff to calculate the value of special access tickets (e.g., suite ticket, premium seating, sideline pass, press box) based on the highest ticket price sold for that specific contest at that sport

NCAA Division I Student-Athlete
   Reinstatement Guidelines
May 2018
Page No. 25

_____

        venue. The committee further directed staff not to prorate the ticket price by the amount of time the student-athlete or prospective student-athlete utilized the benefit. *(May 2018)*

h.     <u>Government taxes</u>. The committee determined when a prospective student-athlete or student-athlete accepts impermissible prize money, payment based on performance or other impermissible benefits that are subject to government taxes, the repayment value may be reduced by the amount of taxes assessed if contemporaneous documentation demonstrates taxation occurred prior to distribution to the individual. However, if the prize money or benefits received is subject to taxation at a later date, the individual is required to make repayment of the full value of the prize money or benefits received. *(December 2011)*

**3.    Violations Involving Receipt of Impermissible Books.**

a.     <u>Determining value</u>. The committee determined the withholding condition associated with a textbook violation shall be determined by the full retail value of the book at the time of purchase, whether purchased as a new or used textbook. The repayment value is based on the full retail value of the book at the time of purchase, minus the return value of the book at the time the book is returned. The return value used must be available to all students at the institution and not a rate specific to the department of athletics. *(December 2009)*

b.     <u>Determining withholding</u>. The committee determined that, generally, in cases where student-athletes obtained books for classes in which they were not enrolled, purchased books for other individuals or obtained nonbook/noncourse-related items, the standard withholding guidelines for impermissible benefits apply. *(December 2006; updated May 2017; updated May 2018)*

**BYLAW 17 GUIDELINES.**

- **Bylaws 17.31.1 and 17.31.2 (Outside Competition).** The committee directed the reinstatement staff to assess the individual facts of each outside competition case and determine if the specific circumstances of a particular case warrant a withholding condition. The staff should consider the following:

a.     The student-athlete's responsibility;

b.     The level of competition;

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 26
_____

c.    Timing of the competition (e.g., was it during the championship season or during the off-season); and

d.    Any other relevant factors.

The committee noted for violations where withholding is appropriate, if a student-athlete competes in multiple contests on one date (e.g., student-athlete competes in multiple 3-on-3 basketball contests on same date), the reinstatement staff should withhold one contest for every date the student-athlete participated in as opposed to withholding per contest. The effective date for this committee guideline is for violations occurring on or after August 1, 2012. *(May 2012; affirmed May 2018)*

## BYLAW 18 GUIDELINES.

The following guideline applies to situations when a student-athlete tests positive for a banned substance other than "street drugs." For the legislated penalty associated with situations when a student-athlete tests positive for a "street drug," please see Bylaw 18.4.1.4.2, which is effective August 1, 2014, for any NCAA drug test administered on or after August 1, 2014.

- **Clarification of Application of Penalty for Bylaw 18.4.1.4 Violation (Ineligibility for Use of Banned Drugs).** The committee reviewed the NCAA academic and membership affairs staff confirmation published December 2, 2010, regarding seasons of competition and banned drugs, which clarifies that a student-athlete who is found to have used a substance on the list of banned-drug classes automatically loses one season of competition, regardless of whether the positive test occurs prior to or during the institution's playing season in the applicable sport. Further, if a student-athlete has participated in competition during an academic year prior to the positive drug test or during an academic year after the reinstatement of his or her eligibility, the student-athlete also uses a season of competition under the minimum amount of competition legislation. Consequently, it is possible for a student-athlete to be charged with the use of two seasons of competition during one academic year.

  In addition, the committee examined cases in which a student-athlete is withheld from postseason competition as a part of a minimum of the equivalent of one season of competition. The committee indicated that the requirement that a student-athlete also is withheld from a 365-day period is an adequate safeguard against any potential competitive advantage gained by a team with extended postseason competition. *(December 2010, updated May 2015)*

  For all drug tests administered on or after August 1, 2016, it is not required that the eligibility of a student-athlete be restored by the committee after he or she has fulfilled a

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 27
_____

drug-testing penalty and has tested negative in accordance with the testing methods authorized by the NCAA Board of Governors (*effective August 1, 2016*).

## ACADEMIC MISCONDUCT GUIDELINES.

Guidelines for violations involving prospective and enrolled student-athletes (effective for all violations occurring prior to August 1, 2013):

1.  **Bylaw 10.1-(b) (Academic Misconduct).**

    a.  The committee directed the reinstatement staff to begin its withholding analysis at permanent loss of eligibility. Consideration of mitigating factors may permit imposition of a minimum condition of withholding from one season and charging with a season of competition. *(December 2007)*

    b.  The committee indicated that all institutional proceedings must be concluded prior to an institution submitting a request for reinstatement whenever possible. *(May 2008)*

Guidelines for violations involving prospective and enrolled student-athletes (effective for all violations occurring between August 1, 2013, and July 31, 2016):

2.  **Bylaw 10.1-(b) (Academic Misconduct) or Former Bylaw 10.1-(h) (Misconduct in Connection with Entrance or Placement Exam).**

    a.  The committee directed the reinstatement staff to begin its withholding analysis at permanent loss of eligibility. Consideration of mitigating factors may permit imposition of a minimum withholding condition of sit-a-season, charge-a-season. *(December 2007, updated December 2012)*

    b.  The committee indicated that all institutional proceedings must be concluded prior to an institution submitting a request for reinstatement whenever possible. *(May 2008, affirmed December 2012)*

Guidelines for violations involving prospective student-athletes (effective for all violations occurring between August 1, 2014, and July 31, 2016):

3.  **Bylaw 13.2.1 (Offers and Inducements Related to Academic Misconduct).**

    a.  For situations involving academic-integrity concerns where the impermissible conduct does not rise to the level of academic misconduct under Bylaw 10.1,

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 28
_____

        however, the conduct constitutes a violation of offers and inducements legislation
and/or extra benefits legislation, the committee directed the reinstatement staff to
begin its withholding analysis at sit-a-season, charge-a-season.

    b.     The committee indicated that all institutional proceedings must be concluded prior
to an institution submitting a request for reinstatement whenever possible.

<u>Note</u>:  Restitution provisions do not apply to cases of impermissible academic assistance
and impermissible academic arrangements. *(May 2014, updated December 2014)*

<u>Guidelines for violations involving student-athletes (effective for all violations occurring between
August 1, 2014, and July 31, 2016)</u>:

**4.**     **Bylaw 16.11.2.1 (Extra Benefits Related to Academic Misconduct).**

    a.     For situations involving academic-integrity concerns where the impermissible
conduct does not rise to the level of academic misconduct under Bylaw 10.1,
however, the conduct constitutes a violation of offers and inducements legislation
and/or extra benefits legislation, the committee directed the reinstatement staff to
begin its withholding analysis at sit-a-season, charge-a-season.

    b.     The committee indicated that all institutional proceedings must be concluded prior
to an institution submitting a request for reinstatement whenever possible.

<u>Note</u>:  Restitution provisions do not apply to cases of impermissible academic assistance
and impermissible academic arrangements. *(May 2014, updated December 2014)*

<u>Guidelines for violations involving prospective student-athletes (effective for all violations
occurring on or after August 1, 2016)</u>:

**5.**     **Bylaw 14.1.2.1(a) Pre-Enrollment Academic Misconduct (Knowing involvement in
arranging for fraudulent academic credit or false transcripts for a prospective
student-athlete).**

    a.     The committee directed the reinstatement staff to begin its withholding analysis at
permanent loss of eligibility. Consideration of mitigating factors may permit
imposition of a minimum withholding condition of sit-a-season, charge-a-season.
*(May 2016)*

    b.     The committee indicated that all institutional proceedings must be concluded prior
to an institution submitting a request for reinstatement whenever possible. *(May
2016)*

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 29
_____

6.    **Bylaw 14.1.2.1(b) Pre-Enrollment Academic Misconduct [Failure to provide complete and accurate information to the NCAA, the NCAA Eligibility Center or an institution's admissions office regarding an individual's academic record (e.g., schools attended, completion of coursework, grades and test scores)].**

   a.    The committee directed the reinstatement staff to begin its withholding analysis at sit-a-season, charge-a-season. (*May 2016*)

   b.    The committee indicated that prospective student-athletes should not be reinstated when the following factors apply:

      (1)    Acted actively and deliberately to conceal, omit or provide inaccurate or false information;

      (2)    Had multiple opportunities to correct or provide accurate information; or

      (3)    Provided incomplete or inaccurate information to the NCAA enforcement or amateurism certification staffs. *(May 2016)*

   c.    In situations where a prospective student-athlete provides false and misleading information during the investigation of the violation but the institution does not believe that the student-athlete "knowingly" provided the information and does not cite Bylaw 10.1-(c), the provision of the false and misleading information may be considered in evaluating the prospective student-athlete's culpability for the initial violation. *(May 2016)*

7.    **Bylaw 14.1.2.1(c) Pre-Enrollment Academic Misconduct (Fraudulence or misconduct in connection with entrance or placement examinations).**

   a.    The committee directed the reinstatement staff to begin its withholding analysis at permanent loss of eligibility. Consideration of mitigating factors may permit imposition of a minimum withholding condition of sit-a-season, charge-a-season. *(May 2016)*

   b.    The committee indicated that all institutional proceedings must be concluded prior to an institution submitting a request for reinstatement whenever possible. *(May 2016)*

Guidelines for violations involving student-athletes (effective for all violations occurring on or after August 1, 2016):

8.    **Bylaw 14.9.2.1 Post-Enrollment Academic Misconduct.**

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 30

   a.     The committee directed the reinstatement staff to begin its withholding analysis at permanent loss of eligibility. Consideration of mitigating factors may permit imposition of a minimum withholding condition of sit-a-season, charge-a-season. *(May 2016)*

   b.     The committee indicated that all institutional proceedings must be concluded prior to an institution submitting a request for reinstatement whenever possible. *(May 2016)*

**9.    Bylaw 14.9.2.3 Impermissible Academic Assistance.**

   a.     The committee directed the reinstatement staff to begin its withholding analysis at sit-a-season, charge-a-season. *(May 2016)*

   b.     The committee indicated that all institutional proceedings must be concluded prior to an institution submitting a request for reinstatement whenever possible. *(May 2016)*

**WAIVERS.**

**1.    Medical Documentation Standards for Waivers Involving Incapacitating Injury or Illness.** The institution must submit objective documentation of treatment from a physician. If the individual does not seek medical attention, the documentation standard will not be met. The committee noted that, in conjunction with contemporaneous documentation from a treating physician, the reinstatement staff may consider noncontemporaneous documentation in determining whether an individual sustained an incapacitating injury or illness and the length of incapacitation. Further, the committee directed the staff to review cases involving diagnosis or treatment by a licensed physician extender (i.e., nurse practitioner, physician assistant) on a case-by-case basis. *(Affirmed December 2012, updated May 2017)*

**2.    Bylaw 12.8.1.6 (Athletics Activity Waiver).**

   a.     <u>Winter sport participants</u>. The committee reviewed situations involving winter sport participation in which the student-athlete's training does not take place until the spring semester, and the student-athlete wishes to enroll at the institution for the fall semester and not participate in athletics. Provided the student-athlete meets the criteria established by the athletics-activity waiver for the spring semester, since the majority of the competition occurred during the segment of the season where the student-athlete could not compete/enroll, he or she would still qualify for the athletics activity waiver. Please note this analysis would only apply to winter sports

in which the majority of competition occurs during the spring semester. *(February 2004)*

b.  <u>Otherwise eligible</u>. The committee confirmed that if the student-athlete is enrolled full time during his or her elite participation, to qualify for an athletics activity waiver, the student-athlete must have been otherwise eligible to compete at an NCAA institution or in good standing at a non-NCAA institution. The point of the waiver is that the student-athlete was unable to compete for the reasons outlined in the waiver. If other circumstances are preventing competition, the intent of the waiver is not met (e.g., student-athlete is serving a transfer year in residence, does not meet progress-toward-degree requirements, suspended from institution). *(February 2004, updated May 2013)*

c.  <u>Documentation standard</u>. The committee specified that the athletics activities waiver must be accompanied by a letter from the country's national governing body in the student-athlete's sport indicating that the student-athlete was otherwise unable to participate in intercollegiate athletics during the year in question. *(May 2013)*

3.  **Bylaw 12.8.1.7 (Extensions).**

a.  <u>General</u>. In the two-prong analysis, the first prong focuses on whether a student-athlete was denied two seasons-of-participation for reasons beyond the student-athlete's or the institution's control. The second prong focuses on whether the student-athlete had four seasons-of-participation opportunity within his or her five-year period of eligibility. *(December 1999)*

b.  <u>Student-athlete could have competed</u>. The committee directed the reinstatement staff apply a similar analysis to that used under the hardship waiver to determine if a student-athlete had a participation opportunity. Specifically, in a year in which the student-athlete does not compete, he or she is determined to have a denied participation opportunity when the injury or event occurs any time prior to the first contest of the second half of the season. Additionally, in cases where a student-athlete begins the season incapacitated and is cleared to return to competition prior to the conclusion of the season, the year shall be deemed a denied participation opportunity if the student-athlete is cleared with less than 30 percent of the regularly scheduled contests/dates of competition remaining but does not return to competition. *(December 1999, updated May 2011)*

c.  <u>Extension analysis for midyear enrollees in two-term sports</u>. The committee reviewed examples of extension cases in which the student-athlete initially enrolled in spring term and participated in a two-term sport (e.g., basketball, swimming, etc.) and experienced four participation opportunities and two-denied participation

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 32

opportunities, yet still sought an extension of the five-year period of eligibility in order to participate in a full championship season. The committee determined that, based on fulfilling the requirement of two-denied participation opportunities, a case-by-case review may result in an extension to compete during the remainder of the championship segment with the understanding:

(1)     Consideration of a student-athlete's initial term of enrollment (during a season) as a denied participation opportunity requires that there must be circumstances outside the student-athlete's and institution's control to accompany any lack of participation; and

(2)     The committee recognized that in some cases the fall term immediately prior to the expiration of the student-athlete's five-year period of eligibility may include the ability for a student-athlete to participate in more than 30 percent of the season and, therefore, would be considered a participation opportunity. *(December 2009)*

d.     <u>Student-athlete chooses not to enroll</u>. The committee directed the reinstatement staff to consider circumstances in which the student-athlete decides not to enroll in an institution in order to pursue other interests within the student-athlete's control even though the student-athlete subsequently suffers an incapacitating injury. *(June 2001)*

e.     <u>Requests to restart the five-year period of eligibility</u>. The committee determined that if the individual intentionally starts his or her five-year period of eligibility, the reinstatement staff should analyze the case under the year-by-year analysis to determine if he or she had four participation opportunities. The committee has the authority to grant requests when extraordinary circumstances are present. In addition, the committee noted that being uninformed of the legislation should not result in a waiver being granted. Finally, in situations where the student-athlete inadvertently starts his or her period of eligibility, the committee will consider whether an extension is warranted under the committee's authority to provide relief in extenuating circumstances. *(December 2002)*

For cases in which a request for extension to a student's five-year period to complete four years of eligibility is based on the grounds that the student-athlete did not intend to start the period of eligibility or the period of eligibility was started and something extraordinary happened after a short period of time, the committee indicated the usual extension analysis (determining if there are at least two-denied participation opportunities) is not the correct approach. The committee noted that there should be a reasonable limit on the period of matriculation (e.g., five-week

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 33
_____

window). The committee directed the reinstatement staff to use its discretion to determine if an extension is warranted. *(February 2006)*

f.  <u>Season-of-competition waiver – competition while eligible within an extension review</u>. For purposes of an extension request combined with a season-of-competition waiver, the committee directed the reinstatement staff to consider the following extenuating circumstances as denied participation opportunities: (1) life-threatening injury or illness suffered by a member of the student-athlete's immediate family; (2) extreme financial difficulties; or (3) the student-athlete's institution dropped sport from its intercollegiate program. *(December 2002, updated December 2007)*

g.  <u>Season-of-competition waiver – competition while eligible involving coach's documented misunderstanding</u>. The committee determined that a season-of-competition waiver granted based on coach's documented misunderstanding should be considered a participation opportunity for purposes of extension legislation. *(December 2002)*

h.  <u>Expiration of five-year period of eligibility during the regular season</u>. The committee determined that relief should be provided from the five-year period of eligibility legislation to all student-athletes (domestic or international) who exhaust their eligibility during the season because the student-athletes initially enrolled full time at an institution with an unconventional academic calendar (e.g., basketball student-athlete enrolled in February). Specifically, the committee indicated the intent is to approve waivers for student-athletes who have begun their season but due to nontraditional start of their five-year period of eligibility, their clock will expire during the playing season or semester/quarter. Requests should only be approved to allow student-athletes to finish the playing season or semester/quarter during which the clock expires, whichever is later. *(June 2003, updated June 2005, updated May 2017)*

i.  <u>Documentation standards</u>. *(February 2004)*

    (1)  Injury or illness.

        (a)  For multisport participants, each sport must be evaluated separately to determine whether the student-athlete was incapacitated in that sport. Incapacitation for more than one sport is possible for the same injury but the burden is on the institution to demonstrate that the length of incapacitation caused the student-athlete to be denied participation opportunities in each sport.

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 34

----------

(b)    In cases where the student-athlete asserts circumstances that meet both circumstances beyond the control and circumstances within control, the reinstatement staff shall consider these instances as participation opportunities absent documentation sufficient to demonstrate that a circumstance beyond the control of the student-athlete or the institution necessitated the circumstance within the control of the student-athlete (e.g., injury requires student-athlete to transfer in order to undergo rehabilitation, student-athlete is also ineligible because of transfer year in residence).

(c)    When an injury precedes a season and the student-athlete is medically cleared to return to competition while a meaningful participation opportunity still exists, the season in question cannot be considered a denied participation opportunity despite an institutional decision not to permit the student-athlete to compete.

(d)    Absent extraordinary circumstances outside the control of the student-athlete that bar the ability to obtain contemporaneous medical documentation, the burden to meet the information and documentation standards regarding incapacitation still falls on the student-athlete and institution. *(Affirmed December 2012)*

(2)    Financial Hardship.

(a)    Specific events leading to financial hardship must be identified and substantiated. Declaration of bankruptcy does not satisfy the specific-event requirement of the legislation but may serve as evidence of a specific event, which must be beyond the control of the student-athlete and the person on whom the student-athlete is financially dependent.

(b)    While a specific event may have occurred, that specific event does not continue to satisfy the legislation if it is not in close proximity to the academic year being asserted as a denied participation opportunity.

(c)    The asserted specific event must have a direct nexus to the documentation-supported financial hardship.

(d)    The specific-event requirement of circumstances outside the control of the institution or student-athlete cannot be satisfied by situations that gradually over time develop into an asserted, yet undocumented, financial hardship.

NCAA Division I Student-Athlete
   Reinstatement Guidelines
May 2018
Page No. 35

        (e)    Situations in which a student-athlete initially attends an institution and subsequently discovers that the cost of attendance at the institution is beyond his or her and the family's financial means shall not satisfy the specific-event requirement absent extenuating circumstances. *(Affirmed May 2018)*

    j.    <u>Extension waivers involving legal issues and allegations.</u> In extension requests involving legal issues or allegations against a student-athlete who is wrongly accused or acquitted, and the institution has taken action to suspend the student-athlete for such conduct based on the institution's code of conduct standards and requirements, the understanding is that the student-athlete's eligibility period is active during these pending legal issues or allegations. The committee directed the reinstatement staff to review these cases using a case-by-case approach and consider any institutional action in its analysis. If the institution finds the student-athlete in violation of institutional rules (e.g., code of conduct) regardless of the outcome of the legal issues against the student-athlete, the waiver decision should not supersede the institutional action since the institution's action was independent of the student-athlete's legal proceedings. In these instances, the committee determined the student-athlete has used a participation opportunity. *(December 2010)*

    k.    <u>Extension requests under extenuating circumstances analysis.</u> In extension requests that do not meet the legislated requirement of more than one-denied participation opportunity outside the control of the student-athlete or institution, the committee determined that the injury or illness must be non-athletically related (outside of athletics) and an extraordinary and unforeseen circumstance. Further, the committee directed the reinstatement staff to examine the second season in which the student-athlete did not participate. The circumstances that prevented the student-athlete from participation during the second season must be beyond the control of the student-athlete and would not include circumstances in which the student-athlete was a nonqualifier, serving a transfer year-in-residence or a term(s) for which the student-athlete rendered himself or herself academically ineligible. The committee noted extension waivers granted based on "other extraordinary circumstances" meet the legislative requirements. *(May 2010, updated December 2012; affirmed May 2018)*

**4.**    **Bylaw 12.8.4 (Hardship Waiver).** The committee determined that hardship waiver appeals beyond the 30-percent threshold should be denied absent extraordinary circumstances beyond the control of the student-athlete or institution (e.g., life-threatening illness, medical misdiagnosis). *(May 2007, updated May 2016)*

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 36

_____

5.    **Bylaw 12.8.6 (Season-of-Competition Waiver – Competition While Eligible).**

    a.    <u>Coach's documented misunderstanding</u>.  The committee noted the student-athlete does not need to be eligible the entire season for the waiver to be approved. Rather, if the student-athlete is eligible at the time of participation and he or she otherwise meets the legislative requirements, the waiver should be approved. *(May 2011)*

    b.    <u>Coach's documented misunderstanding and/or coach's error</u>. The committee determined the reinstatement staff should provide flexibility in assessing season-of-competition waivers – competition while eligible based on coach's documented misunderstanding that do not meet the legislated requirements and season-of-competition waivers – competition while eligible based on coach's error. In reviewing these waivers, the committee determined the following:

        (1)    Any regular season competition should be limited to one contest/date of competition and limited plays within that one contest/date of competition;

        (2)    It is not significant when the competition took place within the season;

        (3)    Demonstration of intent to redshirt is unnecessary; and

        (4)    The error and/or misunderstanding may be the result of any coaching staff member.

Further, the committee noted that a student-athlete who receives a season-of-competition waiver – competition while eligible based on coach's documented misunderstanding or coach's error, shall be withheld from two contests of intercollegiate competition for each contest in which he or she competed. *(May 2017)*

    c.    The committee noted season-of-competition waivers – competition while eligible approved based on "other extraordinary circumstances" meet the legislative requirements. *(December 2012)*

**GENERAL ISSUES.**

1.    **Community Service as the Condition for Reinstatement.**

    a.    <u>For violations occurring prior to August 1, 2014</u>. Situations that may warrant community service include violations where the student-athlete received no financial benefit, gained no competitive advantage and had minimal culpability. The committee noted that in those very rare cases where community service is

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 37
_____

imposed, the institution would be held responsible for the supervision, documentation and notification of the reinstatement staff of progress and fulfillment of the community service. *(June 2000, affirmed May 2008)*

b.    <u>For violations occurring on or after August 1, 2014</u>. The committee directed the reinstatement staff to permit institutions the option to have student-athletes fulfill community service agreements and/or make financial repayment in conjunction with certain violations requiring a donation to charity for receipt of an impermissible-tangible benefit in lieu of repayment only. The committee noted the option of community service hours should be evaluated by assessing the student-athlete's culpability while using the following three-tier approach:

    (1)    **Tier One** (community service should not be available):

        (a)    Benefits from an agent;

        (b)    Benefits from an institutional employee;

        (c)    Benefits related to academic fraud;

        (d)    Sports wagering; or

        (e)    Receipt of money from professional contract.

    (2)    **Tier Two** (community service may be available, limited to 80 percent of the value of the violation, with the student-athlete donating to a charity of his or her choice the remaining 20 percent of the value of the violation):

        (a)    Benefits from a booster;

        (b)    Benefits from a nonscholastic coach;

        (c)    Sale of complimentary tickets;

        (d)    Sale of institutionally issued apparel, equipment or awards;

        (e)    Payment based on performance received from outside competition (e.g., prize money);

        (f)    Receipt of expenses from a professional team or outside team or organization; or

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 38

_____

(g)     Receipt of expenses from sponsor other than parents/legal guardians
        or nonprofessional sponsor of event.

Please see below (item c) for an example of how to calculate the maximum
number of community service hours and minimum repayment permitted
when a student-athlete receives Tier Two impermissible benefits.

(3)   **Tier Three** (community service is available in full):

(a)     Benefits of financial aid due to institutional error;

(b)     Benefits provided to a prospective student-athlete or enrolled
        student-athlete for reasons involving health or safety; or

(c)     Benefits provided to prospective student-athlete or enrolled student-
        athlete to assist with family emergencies.

Please note, the examples provided in each of the three tiers listed above are
examples and not inclusive of all violations.

c.     <u>Calculation</u>. The committee determined the student-athlete is required to fulfill one
       hour of community service for every $30 of impermissible benefits received (total
       value of impermissible benefits received divided by 30). In the event the calculation
       results in a decimal, the required community service hours should be rounded up to
       the nearest whole hour.

       <u>Example</u>: If the student-athlete or prospective student-athlete received **Tier Two**
       impermissible benefits (as described above) totaling $1,150, the following
       calculation would determine the maximum number of community service hours
       permissible and the minimum repayment required:

       (1)     Maximum community service value = $920 ($1,150 x 80 percent).

       (2)     Total community service hours permissible in lieu of repayment = 31 hours
               ($920/$30 per hour = 30.667 hours).

       (3)     Minimum repayment required = $230 ($1,150 x 20 percent).

d.     <u>Time frame to complete community service</u>. Any student-athlete reinstated on the
       condition he or she complete community service hours must fulfill the community
       service requirement prior to exhausting his or her eligibility.

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 39
_____

e.   Similar to situations when an institution and student-athlete enter into a repayment plan, the institution shall submit a schedule for completion of community service to the reinstatement staff for approval as part of the reinstatement request and the institution is responsible for monitoring the fulfillment of community service hours. Failure to complete community service hours in accordance with the community service plan may result in additional violations and/or the inability of the institution to use community service as a condition for reinstatement for a period of four years.

f.   Any required community service must be fulfilled at an Internal Revenue Code Section 501(c)(3) tax-exempt organization. Additionally, the community service requirement must be completed:

(1)   Through an organization that does not exist exclusively for an athletics purpose; and

(2)   Independent of any team, department of athletics or required institutional community service/service-learning activities.

Examples of charitable organizations where community service hours may be completed include but are not limited to: Special Olympics, Boys and Girls Club, American Heart Association, United Way *(May 2017)*.

g.   The institution is responsible for the supervision, documentation and notification of the reinstatement staff of progress and fulfillment of the community service plan.

h.   Additionally, the committee instructed the reinstatement staff to continue to assess the culpability of the involved prospective student-athlete or enrolled student-athlete and apply withholding guidelines where appropriate. *(June 2000, affirmed May 2008, updated May 2014, updated December 2014, updated December 2015)*

2.   **Education-Impacting Disability (EID).** *(December 2013)*

a.   Definition: The NCAA defines a disability as a <u>current</u> impairment that has a substantial educational impact on a student-athlete's academic performance and requires accommodation.

•   <u>Note</u>: Not everyone with a diagnosed condition is disabled by it, and not all disabilities result in a substantial limitation or impairment (that requires accommodation).

NCAA Division I Student-Athlete
  Reinstatement Guidelines
May 2018
Page No. 40
_____

     b.      If a student-athlete's diagnosed EID is asserted as mitigation, the institution must submit full and complete documentation in NCAA Requests/Self-Reports Online Case Management System [e.g., current, signed documentation of diagnosis from the treating professional, letters of assessment/recommendation, student-athlete statement that addresses the impact of the disability, letter from the institution's office of disability services specifying accommodations (if the student-athlete has <u>voluntarily</u> disclosed his or her diagnosed disability)].

     c.      In addition to the above-noted documentation, the reinstatement staff may consider the following:

         (1)    Timing of the diagnosis;

         (2)    Type of accommodations provided. (If accommodations were provided and not used by student-athlete, a statement from the student-athlete addressing why accommodations were not used);

         (3)    Trending of the student-athlete's academic performance prior to and after the diagnosis; and

         (4)    Other information, as determined by reinstatement staff, on a case-by-case basis.

**3.**    **Withholding Conditions Imposed for a One Year Period.** The committee discussed the application of the withholding condition for student-athletes whose reinstatement condition requires they be withheld from competition for an entire year. In that regard, the committee noted that the student-athlete should be withheld from all competition for a 365-day period. This would include all nonchampionship competition. *(June 2003)*

**4.**    **Student Assistance Fund.** Based on inconsistencies in the application of the Student Assistance Fund among conferences and because the amount awarded to each conference varies vastly, the committee directed the reinstatement staff not to provide relief of an impermissible benefit based on the argument that a benefit could have been provided using the fund, and instead, consider individual facts of the case to assess whether relief is warranted. *(June 2006, updated December 2012)*

The committee noted that it is not permissible for the use of the Student Assistance Fund to repay reinstatement conditions. This reflects the membership's previously submitted feedback on this issue which noted discomfort with the concept, due to the varied use and distribution of these funds across conferences and institutions. *(December 2008, updated December 2012)*

NCAA Division I Student-Athlete
  Reinstatement Guidelines
November 2017
Page No. 41

5.   **NCAA Committee Waivers and Reinstatement Outcomes.** The committee directed the reinstatement staff to consider the following when working with cases that may include issues relating to other waivers for relief (e.g., NCAA progress-toward-degree waivers, NCAA Division I Committee for Legislative Relief waivers).

   a.   The reinstatement staff may consult and take into consideration decisions rendered by other waiver staffs (e.g., progress-toward-degree waivers, Committee for Legislative Relief waivers). The reinstatement staff, however, is not bound by these waiver outcomes.

   b.   When reviewing a reinstatement case involving a violation or waiver request (i.e., extension), the reinstatement staff may consult with other waiver staffs (e.g., progress-toward-degree waivers, Committee for Legislative Relief waivers) and consider whether an appropriate waiver filed prior to the violation or academic year-in-residence would have made the activities permissible.

   (1)   Student-athletes may use practice or competition missed while another waiver (e.g., progress-toward-degree waivers, Committee for Legislative Relief waivers) is pending to fulfill a reinstatement-withholding condition, provided the missed practices or competitions are counted only from the date the other waiver request is received by the NCAA;

   <u>**AND**</u>

   (2)   The other waiver is subsequently granted rendering the student-athlete immediately eligible for practice and/or competition. *(May 2008, updated December 2012)*

6.   **Effective Date of New or Modified Guideline.** The effective date of any new or modified guideline shall occur after publication of the guideline to the membership, absent a specifically identified effective date. *(April 2009)*

NCAA/07_23_2018/BR:gmd